MRS. THOMAS P. MORGAN, WIDOW, MRS. MARGARET WEBB, T. J. MORGAN, MRS. MATTIE BOLIN, VANCE MORGAN, CHILDREN OF THOMAS P. MORGAN, v. CLEVELAND CLOTH MILLS AND AMERICAN MUTUAL LIABILITY INSURANCE COMPANY.

(Filed 21 November, 1934.)

1. **Master and Servant F b—Evidence held sufficient to support finding that injury resulted from accident arising out of employment.**

In this hearing before the Industrial Commission there was evidence that the deceased employee was a piece worker in the employer's cotton mill, and was required to report for work at the mill at six o'clock in the morning, at which time he was given work if any was available, or told when to report back for work later in the day; that on the morning of the accident the employee reported for work at the usual time, and was told to return at eleven or twelve o'clock; that he said he would go home and come back; and that shortly thereafter he was found unconscious near a platform at an entrance of the mill with indications that he had slipped on some ice or stumbled over some lumber or a hand truck on the unlighted platform and had fallen to the frozen ground, fracturing his skull, which injury caused his death: *Held*, the evidence was sufficient to sustain the finding of the Industrial Commission that the employee's death resulted from an accident arising out of and in the course of his employment.

2. **Master and Servant F i—**

The findings of fact of the Industrial Commission are conclusive on the courts when supported by any sufficient evidence.

3. **Same—**

On appeal from an award of the Industrial Commission, the Superior Court may review all the evidence to determine whether any evidence tends to support the Commission's findings.

4. **Master and Servant F a—**

A workman in a cotton mill paid by the piece or quantity of the work performed by him is an employee of the mill within the intent of the North Carolina Workmen's Compensation Act.

APPEAL by employer and carrier, from *Oglesby, J.,* at March Term, 1934, of CLEVELAND. Affirmed.

The following are the findings of fact and conclusions of law of Commissioner J. Dewey Dorsett: "The defendants admit employment on a piece basis at seventeen fifty-three ($17.53) per week. The defendants further admit that Thomas P. Morgan is dead, and they admit that he died as the result of a fractured skull. The defendants are denying liability on the sole ground that the deceased suffered no injury by accident arising out of the claimant's employment by the Cleveland Cloth Mills, causing the death, which they admit. From the evidence in the record the Commissioner makes the following findings of fact:

"(1) Parties to this cause are bound by the provisions of the North Carolina Workmen's Compensation Law. The American Mutual Liability Insurance Company is the carrier.

"(2) The deceased, Thomas P. Morgan, before his death, was a regular employee of the Cleveland Cloth Mills as a piece worker at an average weekly wage of $17.53.

"(3) The deceased leaves, wholly dependent upon him for support, his wife, Mrs. Margaret Webb Morgan. There were not any other dependents upon the deceased at the time of his death.

"(4) That Thomas P. Morgan died on 13 February, 1933.

"(5) That Thomas P. Morgan suffered an injury by accident on 13 February, 1933. The injury by accident arose out of and in the course of his employment with the Cleveland Cloth Mills.

"(6) Thomas P. Morgan was found in a dying condition by a fellow employee at 6:15 a.m., on the morning of 13 February, 1933. He made no statement after being found other than to say, 'Don't carry me to the hospital.'

"(7) Thomas P. Morgan, the deceased, was found a few steps from one of the entrances to the Cleveland Cloth Mills, where he was employed. He was found about one and a half feet from the platform leading into the mill proper. When the deceased was found at 6:15 a.m., on the morning of 13 February, 1933, it was yet dark, before light.

"(8) The deceased, as well as all of the other employees of the defendant Cleveland Cloth Mills, was directed to report to work each morning on or before six o'clock.

"(9) The deceased was a piece worker; he reported to work every morning at six o'clock or before, as per the instructions from the employer, and if there was any work for him to do he was assigned this work. If there was no work available he was told when work would be available. On the morning of his death he reported to the mill along with all of the other employees and was told that there was no work available at that particular hour, but to return at about eleven or twelve o'clock

and some work would be available. The next time he was seen he was found by a fellow employee in a dying condition as above found.

"(10) The ground, on 13 February, 1933, was in a frozen condition. There was ice at places where water was standing.

"(11) On the platform entering the mill there was a hand truck and some lumber. On this particular morning there was no light on this platform and it was dark on the same. At other times there was a light on the platform.

"(12) The claimant fell from the platform to the frozen ground, fracturing his skull, causing his death.

"Upon the foregoing findings are based the following conclusions of law: All of the circumstances in this case point to the fact that the plaintiff, in all likelihood, because of the truck and lumber on the platform entering the mill, and because there was no light on the said platform stumbled on the platform and fell off of same onto the frozen ground, fracturing his skull. He was found by a fellow employee lying on his face. His head was away from the platform and his feet were pointed toward the platform about one and one-half feet from the same.

"Deceased was a piece worker, like thousands of other employees in this State. The fact that he was a piece worker does not alter the circumstances as far as being an employee is concerned, however. This man was simply paid according to the amount of work that he did. The evidence discloses the fact that all of the piece workers, and this deceased in particular, were requested by the employer to report each and every morning at six o'clock when the mill began operating for the day in order to find out if there was any work available. The custom was, if there was work available for these piece workers, they were assigned to the job. If there was no work available, they were told to come back at an hour when work would be available. The deceased in this case, on the morning of 13 February, 1933, reported for work. He was told that there was no work at that particular hour in the morning. He was told there would be work about 11 or 12 o'clock. The deceased is dead. We do not know what he did after being told that there was no work available at the particular hour. We do know that he was found in a dying condition on the premises of the employer a foot and a half from the mill door or from the platform three or four feet wide that led into the middle door. He was found on the premises of the employer before daylight after reporting for work, and we believe that under all the circumstances his widow is entitled to recovery on the theory that the deceased sustained an injury by accident arising out of and in the course of his employment resulting in the death, and we hold as a matter of law, from all the evidence in this record, that the defendants are liable. Let an award issue as follows:

"The defendants are directed to pay to Margaret Webb Morgan, wife of the deceased, compensation at the rate of sixty per cent of $17.53 per week for a period of 350 weeks; pay any hospital bills incurred; pay funeral expenses not to exceed $200.00, and to pay the costs. The defendants in open hearing gave notice of appeal. J. Dewey Dorsett, Commissioner."

On the foregoing appeal the defendants asked for a review of the findings of fact and conclusions of law of hearing Commissioner for that, "That the claimant has failed to show that the deceased met his death through an injury by accident arising out of and in the course of his employment." Said appeal was heard before the full Commission at Raleigh, North Carolina, 20 September, 1933.

Opinion of the full Commission is as follows: "Upon consideration of all the evidence and arguments, the full Commission affirms and adopts as its own the findings of fact, conclusions of law, and award of Commissioner Dorsett. Matt H. Allen, chairman for the full Commission."

Award by full Commission: "You, and each of you, are hereby notified that a hearing was had before the full Commission on 20 September, 1933, in the above-entitled case in Raleigh, North Carolina, and a decision thereupon was rendered by Chairman Matt H. Allen, for the full Commission, on 20 October, 1933, in which an award was ordered and adjudged as follows: That the findings of fact and conclusions of law set out in the opinion of Commissioner J. Dewey Dorsett are proper and justified from all the evidence, and they are hereby adopted as findings of fact and conclusions of law of the full Commission, and that the award heretofore issued under date of 31 July, 1933, reading as follows: 'Upon the finding that the death of the deceased was the result of an injury by accident arising out of and in the course of the employment on 13 February, 1933, and that the deceased left wholly dependent Mrs. Thomas P. Morgan, widow, the defendants will pay to the widow compensation at the rate of $10.52 per week for 350 weeks. Defendants to pay funeral expenses not to exceed $200.00. Defendants to pay costs of medical and hospital treatment. Defendants to pay costs of hearing. Defendants give notice of appeal in open court,' be in all respects affirmed. North Carolina Industrial Commission, by Matt H. Allen, Chairman. Attest: E. W. Price, Secretary."

Notice of appeal: "The defendants in the above-entitled matter except to the findings of fact and conclusions of law set out in the opinion of the Commission and appeal to the Superior Court of Cleveland County. J. Laurence Jones, Attorney for Defendants."

The judgment in the Superior Court was as follows: "This cause coming on to be heard before his Honor, Jno. M. Oglesby, judge presiding and holding the March Term, 1934, Superior Court for Cleveland

County, on appeal by employer and its carrier from findings of fact and conclusions of law of the Industrial Commission; it is ordered, adjudged, and decreed that the findings of facts and conclusions of law as set out in the opinion of the Industrial Commission be and the same are hereby in all respects affirmed. This 2 April, 1934. Jno. M. Oglesby, Judge Presiding, March Term Superior Court, Cleveland County."

From the signing of the foregoing judgment the employer and carrier except, assign error, and appeal to the Supreme Court.

*M. R. Weathers and D. Z. Newton for appellee, widow.*
*J. Laurence Jones for appellants, employer and carrier.* ·

CLARKSON, J. The following is the only exception and assignment of error made by the employer and carrier: "The signing of the judgment sustaining findings of fact and conclusions of law of the North Carolina Industrial Commission."

We do not think this exception and assignment of error can be sustained. The evidence is to the effect that the plaintiffs are the widow and children of Thomas P. Morgan, who was employed by the Cleveland Cloth Mills as a piece worker. This breadwinner, as it was his duty to do, went to the mill to report for work at 6 o'clock on the winter morning of 13 February, 1933. These piece workers were required to report to work at 6 o'clock every morning just the same as the employees who were working by the hour.

W. F. Mull testified, in part: "Mr. Morgan came to the mill early in the morning and had a conversation with me. He was at the window as we were going back inside the mill and he called to me to the window and asked as to whether he would get a warp that morning or not, so Mr. Blanton was the man that was in charge and I went to Mr. Blanton and asked Mr. Blanton about it. Mr. Blanton said he wouldn't get a warp until about eleven or twelve o'clock and I went back to the window and told him what Mr. Blanton said, and Mr. Morgan said it was cold out there and he believed he would go back home and wait."

H. H. Smith, an employee of the mill, testified, in part: "I found him. It was not daylight at the time I found him. I heard someone moaning out there and I walked out to the edge of the platform and found him lying there. He was about a foot and a half or two feet from the edge of the platform. He was lying with his head from the platform and his feet towards the platform. His feet were just off the edge of the platform. It was dark out there that morning. There was no light on the platform. It was customary for a light to be out there. . . . The path where he was lying come up side of the mill and you

11—207

walked from this path onto the platform. The path came up the end and this railing run out to the platform and you had to make a turn from this path to go onto the platform. He was found out at the end of the platform."

It was in evidence that Morgan was a cripple. It was a cold, freezing morning and around the edge of the platform were frozen places. The body was found inside of the mill property. It was admitted by the defendants "that the plaintiff died from a fractured skull on the same day he was found."

The question involved: Under all evidence, is there any evidence to sustain a finding of fact that deceased met his death by reason of an injury by accident arising out of and in the course of his employment? We think so.

It is contended by defendants that under this record the question is one of law, as there is no evidence in the record from which any inference can be logically drawn that deceased met his death by accident growing out of and in the course of his employment. In fact, there is no evidence that he had an accident.

The Commission has found contrary to defendants' contention, and we think there was some evidence, direct and circumstantial, to sustain its finding. It is settled by a wealth of authorities that the Industrial Commission's findings of fact on competent evidence are conclusive.

Findings of fact by member of Industrial Commission, approved by full Commission on appeal, are conclusive upon courts, when supported by any sufficient evidence. *West v. East Coast Fertilizer Company,* 201 N. C., 556.

Superior Court may review all evidence on appeal from Industrial Commission to determine whether any evidence tends to support Commission's findings. *Wimbish v. Home Detective Co.,* 202 N. C., 800.

In *Hunt v. State,* 201 N. C., 707 (709), is the following: "The words 'out of' as used in the act refer to the origin or cause of the accident. Whether the accident arose out of the employment is usually a mixed question of fact and law; but if the facts are found or are not in dispute and the case does not depend upon inferences of fact to be drawn from the facts admitted, the question is not one of fact, but of law. *Conrad v. Foundry Co.,* 198 N. C., 723; *Harden v. Furniture Co.,* 199 N. C., 733; Willis' Workmen's Compensation, 16."

We think the present case is similar to *Gordon v. Chair Co.,* 205 N. C., 739 (741-2): "The plaintiff was an employee of the defendant, but was not certain the plant would run on the Monday morning he went to work. He lived some distance from the plant and rode to work with a fellow employee. There had been a big snow and he had his son to come with his automobile so that he could ride back home if the plant

would not run that day. He went to his place of work and found that the plant would run that day and put his lunch up. This was about the time the five-minutes-to-seven whistle blew. He then went to the out-side platform at the front of the plant to tell his son that the plant would run and his feet slipped on ice and he fell and was injured. We think the facts of this case come within the decision of *Bellamy v. Mfg. Co.,* 200 N. C., 676."

In *McKinstry v. Guy* (116 Kan., 192), 38 A. L. R., 837, it is held that "A workman who is paid wages by the piece or quantity comes within the Workmen's Compensation Act, the same as one who is paid by the day." The annotation on page 839, citing numerous authorities, is as follows: "It seems to be well settled in the various jurisdictions that a piece worker is an employee rather than an independent con-tractor, and so is entitled to the protection of a Workmen's Compensa-tion Act."

For the reasons given, we find no error in the judgment of the court below.

Affirmed.