JAMES S. LATHAM, ADMINISTRATOR OF THE ESTATE OF DONALD LATHAM, DECEASED, v. SOUTHERN FISH AND GROCERY COMPANY (EMPLOYER) AND THE TRAVELERS INSURANCE COMPANY (CARRIER).

(Filed 9 October, 1935.)

1. **Master and Servant F b—Evidence held sufficient to sustain finding that accident arose out of and in course of employment.**

There was evidence to the effect that two employees were hired to ride on defendant employer's truck to help the driver unload at the place of delivery, that on the occasion in question the driver, the employer's *alter ego*, changed his mind, after leaving defendant's warehouse, and decided he would not need help in unloading on this particular trip, which was the last for the day, and that the driver consented to let the employees off the truck at the place on his route nearest their homes, in accordance with established custom, and that when the driver slowed up at the appointed place to let the employees get off, one of the employees, claimant's intestate, attempted to alight before the truck had completely stopped, contrary to express orders, and fell to his mortal injury. *Held:* The evidence was sufficient to sustain the finding of the Industrial Commission that the accident arose out of and in the course of the employment. N. C. Code, 8081 (i).

2. **Master and Servant F i—**

Where there is any competent evidence in support of the finding of the Industrial Commission that the accident in question arose out of and in the course of the employment, the finding is conclusive on the courts upon appeal.

APPEAL by defendants from *Oglesby, J.,* at August Term, 1935, of BUNCOMBE. Affirmed.

On the appeal from the hearing commissioner, the Full Commission found the facts, and on the facts found made an award in favor of plaintiff.

From the evidence the Full Commission found the following facts:

"Upon all the facts in the record, the Full Commission finds that the deceased was employed to assist in loading the employer's truck and unloading it at the place of delivery at the A. & P. warehouse, and

that the contract of employment contemplated that the deceased should stay with the said truck while making delivery of the said produce, whether it required one or more loads to complete the delivery which the employer then contemplated making. After loading the produce on the truck at the store, the deceased and fellow employee, the colored boy, William Fleming, rode on said truck to the A. & P. warehouse. After reaching the warehouse the produce was unloaded from the truck. It was then found that at the A. & P. warehouse the produce delivered did not correspond with the order given for same, as there was a shortage in weight. The A. & P. warehouse also desired to order additional produce not included in the first order. The employer's truck, in charge of Mr. F. J. Monday, returned with the two colored boys to the store in the city of Asheville, with the purpose of securing the balance of the said produce ordered by the A. & P. Company. A part of this produce was loaded on the truck. It was found to be impossible to complete the full order. After this produce was loaded on the truck the deceased, Donald Latham, and his coemployee, William Fleming, got back on the truck for the purpose of returning to assist in unloading it at the warehouse of the A. & P. Company, at which the first delivery had been made. The driver of the truck, F. J. Monday, after starting the truck up and while proceeding away from the store of the employer, and having gotten fifty feet therefrom, decided that it would be unnecessary to carry the two boys with him back to make the delivery. While the truck was in motion the driver of the truck, F. J. Monday, turned and talking to the two boys in the back of the truck, said: 'There ain't no use for you all to go up there with me. I will just go up there and cut around through the tunnel hole and would not have to come back by the depot and would go on home and go back to sleep.' The boys were then told that their services would not be needed any longer. The boys, including the deceased, Donald Latham, requested the driver, F. J. Monday, to let them off at French Broad Avenue, the nearest point to the home of the deceased, Donald Latham, which point also was nearer a B. Y. P. U. meeting, which the colored boy, William Fleming, desired to attend. The truck proceeded to the said point and slowed down to permit the two boys to alight therefrom. Before the truck stopped, and contrary to the instructions of the driver, F. J. Monday, the deceased, Donald Latham, attempted to step from the moving truck. In stepping from the truck he fell on the pavement, receiving a fracture of the skull, from which he shortly thereafter died. It is found as a fact that the deceased left no dependents, either total or partial. It is found as a fact that James S. Latham, father of the deceased, is qualified as administrator of the deceased."

The defendants made numerous exceptions and assignments of error, and in apt time, in open court, duly excepted to the confirmation of said findings of fact, reading as follows: "(a) It is further found as a fact that the death of the deceased, resulting from an injury by accident, arose out of and in the course of the deceased's employment with the Southern Fish & Grocery Company. (b) While en route to this point and until the employee had alighted from the truck he was in the course of his employment, and an injury received by him in falling from the truck was an accident arising out of his employment."

The court below rendered the following judgment: "This cause coming on to be heard before his Honor, John M. Oglesby, judge presiding and holding the August Term, 1934, of the Superior Court of Buncombe County, on appeal by employer and its carrier on the findings of fact and conclusions of law of the Industrial Commission: It is therefore ordered, adjudged, and decreed that the findings of fact and conclusions of law as set out in the opinion of the Industrial Commission be and the same are hereby in all respects affirmed. This 9 August, 1935. John M. Oglesby, Judge Presiding."

Exceptions and assignments of error were duly made from the judgment of the court below, and appeal taken to the Supreme Court.

*Ford, Coxe & Carter for plaintiff.*
*Smathers, Martin & McCoy for defendants.*

CLARKSON, J. We do not think the exceptions and assignments of error made by defendants can be sustained.

N. C. Code, 1931 (Michie), sec. 8081 (i): "When used in this chapter, unless the context otherwise requires: (f) 'Injury and personal injury' shall mean only injury by accident arising out of and in the course of the employment," etc.

In *Conrad v. Foundry Co.,* 198 N. C., 723 (726), it is said: "It follows from what precedes that the meaning of the phrase 'out of and in the course of the employment' is not to be determined by the rules which control in cases of negligent default at common law; for one of the purposes of the recent act is to increase the right of employees to be compensated for injuries growing out of their employment. *Sundine's case,* 218 Mass., 1, L. R. A., 1916A, 318. The words 'out of' refer to the origin or cause of the accident and the words 'in the course of' to the time, place, and circumstances under which it occurred. *Raynor v. Sligh Furniture Co.,* 146 N. W., 665; *Hills v. Blair,* 148 N. W., 243."

The only question involved in this action: Did the injury by accident arise "out of and in the course of the employment"? We think there was sufficient competent evidence from which the Commission found it

did. This is conclusive on us on appeal. Public Laws N. C., 1929, ch. 120, sec. 60; N. C. Code, 1931 (Michie), sec. 8081 (ppp); *Morgan v. Cloth Mills,* 207 N. C., 317 (322).

We think there was sufficient competent evidence for the Full Commission to find the facts, and we think in law there was no error in the Commission making the award to plaintiff administrator.

Donald Latham was on the truck for the purpose of unloading and going on it for that reason, as a part of his employment. The *alter ego* of the employer, F. J. Monday, driver of the truck, testified when about 50 feet from the store, "Then I turned and told the boys I would let them off at French Broad and would go there myself and finish unloading and come home." "Q. What is the custom in taking the boys out to make a delivery, you either brought them back to the store or the nearest point to their home? A. It has been the custom. (By the court) : That custom applied to taking them out and then letting them out nearest their home? A. Yes, the only time we made that was on Sunday." It was Sunday and French Broad was near Donald Latham's home.

William Fleming testified, in part: "Mr. Sorrells had employed Donald and me to help Fred deliver some stuff to Biltmore. I went the first trip and helped unload. Donald went, too, and helped unload. On the second trip he said there wouldn't be any need for us to go back, and we told him to let us off at French Broad, as we lived near there. I was going to B. Y. P. U. Donald lived near there. I had worked there before on Sundays. They would take us to the point nearest our home. That was a custom. That had been going on ever since I had been working there. They employed other boys at different times as spare hands, and he would leave them at the place nearest their home when they had finished their work."

Donald Latham was on the truck going to unload it in the course of his employment, the *alter ego* of the defendant grocery company relieved him of his duty and promised to let him off the truck at French Broad, near his home. This was the custom and a natural and implied obligation, and fully sustains the finding of the Commission. *Konopka v. Jackson County Road Commission,* 97 A. L. R., 552.

We think that this case is similar to that of *Massey v. Board of Education,* 204 N. C., 193, and cases therein cited.

For the reasons given, the judgment of the court below is

Affirmed.