R. C. BROOKS, EMPLOYEE, v. CAROLINA RIM & WHEEL COMPANY, EMPLOYER, AND GREAT AMERICAN INDEMNITY COMPANY, INSURANCE CARRIER.

(Filed 4 May, 1938.)

**1. Master and Servant § 40h—**

Evidence *held* sufficient to support finding of Industrial Commission that the accident causing injury was not the result of the employee's intoxication, although defendants introduced evidence in conflict therewith. N. C. Code, 8081 (t).

**2. Master and Servant § 55d—**

The finding of the Industrial Commission upon conflicting evidence supporting both the contention of claimant and of defendants, that the accident was not the result of his intoxication, is conclusive on the courts on appeal.

**3. Master and Servant § 39c—Evidence held to support finding that employee was resident of the State at time of the accident.**

Claimant testified that he was injured in an automobile accident while he was returning from a salesman's meeting in this State, which he was required to attend, to his home in Florence, S. C. That he had moved his family to Florence temporarily so he could take them to a nearby beach occasionally, and because a certain road he would be required to travel

frequently if he resided in this State was in bad repair, but that his headquarters were in Charlotte, N. C., and that he had not given up his residence in this State. *Held:* The evidence supports the finding of the Industrial Commission that the employee was a resident of the State at the time of the accident, and that he was covered by the Compensation Act. N. C. Code, 8081 (rr).

**4. Master and Servant § 41—**

The allowance of attorneys' fee to claimant's attorneys in this proceeding *held* authorized by N. C. Code, 8081 (rrr), and defendants' assignment of error thereto is untenable.

SEAWELL, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Warlick, J.,* at November Term, 1937, of MECKLENBURG. Affirmed.

*John H. Small, Jr., and Walter Hoyle for plaintiff, appellee.*
*Frank Exum and Fred B. Helms for defendants, appellants.*

SCHENCK, J. This cause was heard in the Superior Court of Mecklenburg on appeal by the defendants, employer and insurance carrier, respectively, from an award in favor of the plaintiff, employee, made by the North Carolina Industrial Commission.

The principal assignments of error are to the adoption and affirmation by the court of the findings of fact of the Commission that (1) "the injury by accident to the plaintiff on 19 August, 1936, was not occasioned by the intoxication of the plaintiff," that (2) "the contract of employment was made in this State, that the employer's place of business is in this State, that the plaintiff's residence is in this State, and that he was only temporarily residing in South Carolina, and that his contract of employment was not expressly for services exclusively outside of the State," and that (3) the court concluded as a matter of law that the award of the Commission should be affirmed.

The evidence bearing upon the question as to whether the injury "was occasioned by the intoxication of the employee" so as to bar compensation under sec. 8081 (t), N. C. Code of 1935 (Michie), was conflicting. The plaintiff admitted that about four or five hours before the accident he had taken a "jigger" of whiskey, but denied that the collision between his and another automobile on the highway in which he suffered the loss of an arm was occasioned by his intoxication. There was competent evidence to support the contention of both plaintiff and defendants upon this question, but the Commission having found as a fact that the accident in which the plaintiff was injured was not occasioned by his intoxication, the judge of the Superior Court was bound by such finding, and we are likewise so bound. *Morgan v. Cloth Mills,* 207 N. C., 317; *West v. Fertilizer Co.,* 201 N. C., 556; *Southern v. Cotton Mills Co.,* 200 N. C., 165.

There was ample evidence tending to show that the contract of employment was made in this State, that the employer's place of business was in this State, and that the plaintiff's contract of employment was not expressly for services exclusively outside of the State, and this evidence was practically uncontradicted; but the appellants contend that the finding of the fact that the plaintiff's residence was in this State, and that he was only temporarily residing in South Carolina, in which the accident occurred, was not warranted by the evidence. With this contention we cannot concur. The plaintiff testified: "On 29 August, 1936, the date of the accident, I was a salesman for the Carolina Rim & Wheel Company. I operated in eastern South Carolina. I worked out of Charlotte, which was my headquarters. On the night I was injured I was returning home from a sales meeting in Charlotte, which I had been ordered to attend. At the time of the accident I lived in Florence, S. C. My contract of employment was made in Charlotte, at which time I was living in Charlotte, but at the time I got hurt I had moved down to Florence, S. C., temporarily. I had moved my family down there. My headquarters were in Charlotte. I was to work temporarily in Florence. My living arrangements in Florence were temporary. The purpose of the temporary living arrangement was to be near Myrtle Beach, so I could take my wife and youngster over to the beach occasionally to visit the beach, and because the highway between Monroe and Pageland was in poor condition, and the fact that I had to come here every two weeks made it a hardship to go over that highway. I made my reports in Charlotte and had a lot of things to be attended to in headquarters. I had not abandoned my residence in North Carolina. On 29 August, 1936, at about 10:30 p.m., while returning to my home in Florence from a sales meeting in Charlotte that I had been ordered to attend, I had an accident, as a result of which I lost my arm." In the face of this testimony it cannot be said that there was no competent evidence to support the findings of fact assailed by the exception.

These findings of fact bring the case within the provisions of the Compensation Act although the accident occurred in the State of South Carolina. N. C. Code of 1935 (Michie), sec. 8081 (rr), reads: "Where an accident happens while the employee is employed elsewhere than in this State which would entitle him or his dependents to compensation if it had happened in this State, the employee or his dependents shall be entitled to compensation, if the contract of employment was made in this State, if the employer's place of business is in this State, and if the residence of the employee is in this State; provided his contract of employment was not expressly for service exclusively outside of the State. . . ."

The conclusion of law of the judge of the Superior Court that the award of the Commission should be affirmed is supported by the findings of fact affirmed by him.

The assignment of error that the Commission allowed the plaintiff's attorneys a fee of $125.00 to be taxed in the costs cannot be sustained. Such allowance is authorized by sec. 8081 (rrr), N. C. Code of 1935 (Michie), which reads: "If the Industrial Commission at a hearing on review or any court before which any proceedings are brought on appeal under this article, shall find that such hearing or proceedings were brought by the insurer, and the Commission or court by its decision orders the insurer to make, or to continue, payments of compensation to the injured employee, the Commission or court may further order that the cost to the injured employee of such hearing or proceedings, including therein reasonable attorneys' fees to be determined by the Commission, shall be paid by the insurer as a part of the bill of costs."

The judgment below is
Affirmed.

SEAWELL, J., took no part in the consideration or decision of this case.