BETTY W. GANT, Widow, LAWRENCE S. GANT, WILLIAM R. GANT, and DENNIS P. GANT, Minor Sons, WILLIAM P. GANT, Deceased, v. G. E. CROUCH and ST. PAUL MERCURY INDEMNITY COMPANY.

(Filed 29 February, 1956.)

**1. Master and Servant § 52—**

The Industrial Commission is a continuing body which acts by a majority of its qualified members. Therefore, a decision reached by a 2-1 vote of its then members is a decision of the majority notwithstanding that a prior member of the Commission had voted *contra* on the question at a previous hearing. G.S. 97-77.

**2. Master and Servant § 40c—**

Evidence that, although the employee had been on a private mission of his own prior to the injury in suit, he had returned to his employment and was about his employer's business at the time of the accident, supports the conclusion of the Industrial Commission that the accident arose in the course of the employment.

**3. Master and Servant § 50—**

Where the recovery of compensation by the dependents of a deceased employee is resisted on the ground that the death of the employee was occasioned by his intoxication, the burden of proof on such defense is on defendants. G.S. 97-12.

**4. Master and Servant § 40d—**

Where there is conflicting evidence as to whether the accident causing the death of an employee was due to his intoxication or due to other traffic forcing the vehicle the employee was driving off the road onto the shoulders, which gave way, causing the vehicle to turn over, and resulting in the death of the employee, the finding of the Commission that the accident was not caused by the employee's intoxication, being supported by evidence, is binding on the courts.

**5. Master and Servant § 53b (4)—**

Where the notice of appeal from the Industrial Commission and the exceptions which defendants filed in the Superior Court recite that the insurance carrier excepted to the award and appealed to the Superior Court, the recital supports the finding of the Superior Court that the appeal was brought by the insurer, and supports the court's order that reasonable fees to the attorney for claimants should be allowed as a part of the costs. G.S. 97-88.

APPEAL by defendants from *Nettles, J.,* August 1955 Term, BUNCOMBE Superior Court.

This action originated before the North Carolina Industrial Commission upon a claim filed by the plaintiffs, widow and minor sons of William P. Gant, employee, against the defendants, G. E. Crouch, employer, and St. Paul Mercury Indemnity Company, insurance car-

rier, on account of the death of William P. Gant as a result of an injury by accident arising out of and in the course of his employment.

The defendants contested the plaintiffs' claim mainly upon two grounds: (1) That the injury resulting in the death of William P. Gant did not arise out of and in the course of his employment; and (2) that Gant's death was occasioned and brought about by his intoxication. The parties stipulated as follows:

"It is STIPULATED AND AGREED that this cause was first heard upon due notice before Robert L. Scott, Commissioner, North Carolina Industrial Commission, at Sylva, N. C. on July 31, 1951; that upon due notice a further hearing was held before J. Frank Huskins, Chairman, North Carolina Industrial Commission, on December 3, 1952, at Asheville, N. C.; that pursuant to said hearing an opinion was filed by Commissioner Scott on January 22, 1953, directing that an Award based thereon be issued denying the plaintiffs' claim for compensation; that on January 27, 1953 said Award was issued from which the plaintiffs in apt time appealed to the Full Commission for review of said Award; that after due notice a hearing was held by the Full Commission at Raleigh, N. C. on July 30, 1954; that after due notice and over defendants' objections, a further hearing was held by the Full Commission at Raleigh, N. C. on December 10, 1954; that on January 10, 1955 an opinion was filed by Frank H. Gibbs, Commissioner, for the Full Commission wherein it was ordered that the Opinion of Commissioner Scott dated January 22, 1953, and the Award based thereon be stricken and set aside, and directing that a new Award based upon the Opinion of the Full Commission filed on January 10, 1955 be issued in favor of plaintiffs; that on January 11, 1955 said Award was issued; that in apt time, upon due notice, the defendants appealed from the Award and Opinion of the Full Commission and in apt time docketed said appeal including Exceptions and Assignments of Error in the Superior Court of Buncombe County; that the cause came on to be heard upon the appeal of the defendants at the Regular August 1955 Term of the Superior Court of Buncombe County before Honorable Zeb V. Nettles, Judge Presiding, and from Judgment rendered overruling defendants' Exceptions and Assignments of Error and affirming the Findings of Fact, Conclusions of Law, Award of the Full Commission and from the further findings of the court, the defendants in open court gave notice of appeal to the Supreme Court of North Carolina and upon specific Exceptions and Assignments of Error.

"It is FURTHER STIPULATED AND AGREED that the notices of hearings before Commissioner Scott, Chairman Huskins and the Full

Commission and notice of appeal from the Hearing Commissioner to the Full Commission and from the Full Commission to the Superior Court of Buncombe County were duly and properly given and that said notices need not be printed as part of the record in this cause.

"It is FURTHER STIPULATED AND AGREED that the Regular August 1955 Term of the Superior Court of Buncombe County was duly organized and constituted and that the trial before Honorable Zeb V. Nettles was duly and properly held on August 12, 1955.

"1. That the employer-employee relationship existed between the claimant and the defendant employer.

"2. That all parties are subject to and bound by the provisions of the Workmen's Compensation Act, the defendant employer regularly employing more than four persons.

"3. That the St. Paul Mercury Indemnity Company is the insurance carrier for the defendant employer.

"4. That the incident giving rise hereto occurred on 23 August 1950.

"5. That the average weekly wage of the deceased employee at that time was $52.80."

The defendants appealed to the Superior Court from the findings of fact, conclusions of law and award made in favor of the plaintiffs by the North Carolina Industrial Commission.

*Uzzell & Dumont for defendants, appellants.*
*J. Y. Jordan, Jr., for plaintiffs, appellees.*

HIGGINS, J. The defendants contend the judgment of the Superior Court in this case should be reversed for that (1) the death of William P. Gant, the employee, was not the result of injury arising out of and in the course of his employment; (2) the death of the deceased employee was occasioned by his intoxication.

Commissioner Scott, who held the initial hearings, found as a fact the employee's death was occasioned by his intoxication and made an award denying compensation. After Commissioner Scott resigned and was succeeded by Commissioner Gibbs, the plaintiff within seven days appealed to and asked for a review by the full Commission. After further hearings the full Commission reviewed Commissioner Scott's finding and by a 2-1 vote found that the employee's death was not occasioned by his intoxication and made an award allowing compensation. Chairman Huskins dissented. The defendants contend that Commissioner Scott and Chairman Huskins, who participated in the

hearings, were of the opinion from the evidence that the employee's death was occasioned by his intoxication and that consequently there was no majority finding on that pivotal issue. The objection is without merit. The North Carolina Industrial Commission, created by statute, now G.S. 97-77, is a continuing body. As a commission it acts by a majority of its qualified members at the time decision is made. A vote of two of the then members, therefore, constituted a majority of the Commission empowered to act for the Commission.

The evidence before the Commission indicated that shortly before the accident the employee was not about his employer's business but was on a private mission of his own. However, there was evidence that he had returned to his duties and was in the act of discharging them at the time of his death. The evidence is amply sufficient to support finding No. 13 of the Commission "that Gant's death was the result of an injury by accident arising out of and in the course of his employment."

In order to defeat the claim for compensation, however, the defendants sought to prove that death of the employee was occasioned by his intoxication. The burden of proof was on the defendants (G.S. 97-12). There was evidence before the Commission that the pickup truck Gant was driving was forced off a very narrow mountain road by other vehicular traffic; that the shoulder of the road gave way, causing the vehicle to turn over and roll approximately 90 feet down the mountainside, killing Gant instantly. There was evidence from defendants' witness that Gant and his two companions had consumed about one-half pint of whiskey during a period of about four hours. There was evidence from one of defendants' witnesses that she and Oliver Paine had been with Gant from about noon, at which time they took one drink each, until the accident about 4:30; that Gant took another drink before they got to Soco Gap (time not given), and at Soco Gap he drank one bottle of beer. The witness further testified that Gant ate his lunch about 3:30 or 4:00 o'clock; that he had nothing to drink after that time. There was evidence the witness had made contradictory statements about the amount of liquor consumed. However, in the opinion of the Commission the defendants did not carry the burden of showing death was occasioned by the intoxication of the employee. As was said by this Court in the case of *Brooks v. Rim & Wheel Co.,* 213 N.C. 518, 196 S.E. 835:

"There was competent evidence to support the contention of both plaintiff and defendant upon this question, but the Commission having found as a fact that the accident in which the plaintiff was injured was not occasioned by his intoxication, the Judge of the Superior Court was bound by such finding, and we are likewise bound. *Morgan v.*

*Cloth Mills,* 207 N.C. 317, 177 S.E. 165; *West v. Fertilizer Co.,* 201 N.C. 556, 160 S.E. 765; *Southern v. Cotton Mills Co.,* 200 N.C. 165, 156 S.E. 861."

The defendants objected to the finding made by the Superior Court and to the court's order based thereon as follows:

"It having been found by the court that the appeal in this case was brought by the insurer, it is further ordered, adjudged and decreed that the costs in this action to be paid by the defendants herein shall include a reasonable attorney's fees to John Y. Jordan, Jr., attorney for the plaintiffs, the amount of said fee to be determined by the North Carolina Industrial Commission."

The defendants state as the ground of their objection: "No evidence in connection with this point was adduced in the hearing in the Superior Court and the finding of the court would thus appear to be improper." The notice of appeal to the Superior Court and the exceptions which the defendants filed in the Superior Court of Buncombe County carry the following recital: "G. E. Crouch, employer, and St. Paul Mercury Indemnity Company, carrier, except to the award and opinion of the North Carolina Industrial Commission dated January 11, 1955, and hereby give notice of appeal to the Superior Court of Buncombe County, . . ." The Superior Court, therefore, had before it the defendants' statement showing the defendants appealed. The statement supports the finding.

The finding of fact and order for attorney's fees are authorized by G.S. 97-88. *Brooks v. Rim & Wheel Co., supra; Williams v. Thompson,* 203 N.C. 717, 166 S.E. 906.

The judgment of the Superior Court of Buncombe County is without error of law and the same is

Affirmed.