MRS. I. E. BLALOCK, WIDOW; J. L. BLALOCK, DEPENDENT SON; I. R. BLALOCK, DECEASED (EMPLOYEE), v. CITY OF DURHAM, SELF-INSURER (EMPLOYER).

(Filed 23 May, 1956.)

1. **Master and Servant § 40b—Evidence held sufficient to sustain finding that employee's death resulted from accident.**

   Evidence tending to show that the employee, in normal health so far as appeared, was working near a high tension wire from which all current had been cut off but which could have been charged with static electricity, that as he came near to or in contact with the wire, he staggered back and fell to the ground unconscious 4 to 10 feet from the wire, and died, together

with testimony, competent as part of the *res gestae*, that the employee exclaimed "that line is hot," *is held* sufficient to sustain the finding of the Industrial Commission that the employee died as a result of an accident arising out of and in the course of his employment, notwithstanding that other employees, in dry clothing, came in contact with the wire without injury. Whether the death certificate of the coroner was competent as to the cause of death is not decided. G.S. 130-79; G.S. 130-102.

**2. Master and Servant § 55d—**

Where there is sufficient competent evidence to support a finding of fact by the Industrial Commission, such finding is conclusive, notwithstanding that the evidence might warrant a contrary finding and notwithstanding that incompetent evidence might also have been admitted.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by the City of Durham, Employer, from *Mallard, J.,* February, 1956 Civil Term, DURHAM Superior Court.

This action originated before the North Carolina Industrial Commission upon a claim filed by the dependent widow and dependent son of I. R. Blalock, employee, against the City of Durham, Self-Insurer, employer, on account of the death of I. R. Blalock, employee, as a result of an injury by accident arising out of and in the course of his employment.

On 1 June, 1955, a hearing was held before Deputy Commissioner Shuford. Counsel stipulated the parties were subject to and bound by the Workmen's Compensation Act; that the relationship of. employer-employee existed; that the defendant was a duly qualified self-insurer; and that the employee's average weekly wage was $60.92. At the hearing, evidence was introduced that the employee worked at the water plant operated by the City and assisted in maintaining and repairing the electric power lines owned by the City. On 16 October, 1954, Mr. Blalock was assisting in repairing the power lines damaged by hurricane Hazel. He had been "walking the line" through wet underbrush and his clothing became wet from his waist down. The line consisted of steel poles and uninsulated copper wire and extended from the power plant into the city, a distance of about 11 miles.

D. M. Williams, electrical engineer for the city, testified he helped design and construct the city's power plant. He had been to the plant just prior to the accident and ascertained that the switches were opened; that is, that the connection was broken between the generators and the power lines so that no current from the generators could pass over the lines. "I am familiar with the term 'static electricity' in contrast to dynamic electricity generated by the passing of a coil of wire through a magnetic field. Static electricity is made by contact—by placing rubber over glass—everybody has generated some with a comb on the

hair. On the transmission line you think of it a little bit different because there is no rubbing contact. Static electricity on a transmission line comes from the atmosphere, probably some action within the atmosphere. . . . Electric shock has different effect on individuals. A man with wet feet is a better conductor of electricity than a man with dry feet."

There was evidence to the effect that other members of the crew working on the line had on dry clothing; that they had been handling the line without shock; that the line was grounded.

B. J. Dry testified: "I was working approximately six or eight feet from Mr. Blalock at the time. . . . I heard a commotion and heard Mr. Blalock cry out, 'Oh, watch out, Mr. Dry, that line is hot.' He was sort of staggering backwards. When I saw him he was falling on his back. His feet were towards the wire. When he hit the ground I would say he was approximately eight or 10 feet from the line which was about four feet high."

There was evidence that "in an electrician's lingo, by the term 'hot wire' is meant a wire that has current on it." There was corroborating evidence by other members of the crew.

The defendant offered evidence the switches at the generating plant were open; that the wire was grounded; and at the time other workers handled it there was no current. There were no burns or marks on the employee's body. One of the defendant's witnesses, E. N. Tilley, testified that when Mr. Blalock fell he was about four or five feet from the wire.

Commissioner Shuford made 10 specific findings of fact, among which 5 and 7 are controversial. They are as follows:

> "5. After working along the power line for two or three hundred yards, and at a place where the power line was approximately 5½ feet above the ground, the deceased employee touched the uninsulated power line or came close enough to such wire to cause electricity to pass through his body. He then cried out or exclaimed, 'Oh! Watch out, that line is hot.' And the deceased staggered backward from the power line two or three steps and fell unconscious six or eight feet from the line, with his feet towards the line."

> "7. While the power line was not charged with a steady current of electricity, at the moment that the deceased touched or came close to it, it was 'hot,' or charged with electricity. The deceased died as a result of electrocution, which caused his heart to stop beating."

Among the conclusions of law made by the Deputy Commissioner, No. 1 is in controversy:

"1. On 16 October, 1954, the deceased employee sustained an injury by accident arising out of and in the course of his employment, which resulted in his death.   G.S. 97-2(f)."

An award of compensation was made in accordance with the findings. The employer, City of Durham, filed application for a review and appealed to the Full Commission, specifying errors on the part of the Deputy Commissioner.   Upon review, the Full Commission was of the opinion the hearing commissioner had not committed error and adopted as its own the findings of fact and conclusions of law of Deputy Commissioner Shuford, approved the award and affirmed the decision in all respects.   From the decision of the Full Commission, the defendant appealed to the Superior Court of Durham County, assigning errors and requesting specific findings.   After hearing in the Superior Court, Judge Mallard overruled all assignments of error and denied all requests for findings; approved and affirmed the findings, conclusions of law and award made by the Commission.   From the judgment accordingly, the defendant appealed, assigning errors.

*Bryant, Lipton, Strayhorn & Bryant,*
*By: Ralph N. Strayhorn for plaintiffs, appellees.*
*Claude V. Jones for defendant, appellant.*

HIGGINS, J.   The death certificate signed by Dr. R. A. Harton, the coroner, was introduced in evidence by the plaintiffs.   The cause of death was given as (a) cardiac arrest; (b) due to shock by static electricity; (c) contact with high tension wire.   Dr. Harton testified as a witness and on cross-examination stated that no autopsy was performed; that no burns appeared on the body of the employee; and that he found nothing to indicate cause of death other than statements by those present at the time of death and the fact that the body was lying near a sagging power wire.   He testified further that notwithstanding the statements, his conclusions would have been the same by reason of the position of the body near the sagging power wire and the absence of any other apparent cause of death.

A death certificate and registration thereof are required by statute. G.S. 130-79, *et seq.*   G.S. 130-102 provides: ". . . a record of a birth or death with certification of same . . . shall be *prima facie evidence* in all courts and places of the *facts* stated therein."   (Emphasis added.)

The defendant contends the cause of death, especially in view of the coroner's statements on cross-examination, is an *opinion* only and not a fact, and with respect to the cause of death was, therefore, inadmissible.   This distinction is suggested in the case of *Rees v. Ins. Co.,* 216

N.C. 428, 5 S.E. 2d 154. Whether the certificate was admissible as to the cause of death need not be decided in this case. The record discloses competent evidence sufficient to support the Industrial Commission in finding death was caused by electric shock. The deceased, so far as appeared, in normal health and about his work, exclaimed, "Oh, watch out, Mr. Dry, that line is hot," and fell to the ground, four to five feet, according to one witness, and eight to 10 feet according to another, from the wire. The exclamation was part of the *res gestae* and certainly competent. This evidence is sufficient to support the finding the deceased employee sustained an injury by accident arising out of and in the course of his employment. G.S. 97-2(f).

This Court has held that if there is any competent evidence to support a finding of fact of the Industrial Commission, such finding is conclusive on appeal, even though there is evidence that would support a finding to the contrary. *Watson v. Clay Co.*, 242 N.C. 763, 89 S.E. 2d 465; *Rice v. Chair Co.*, 238 N.C. 121, 76 S.E. 2d 311; *Johnson v. Cotton Mills*, 232 N.C. 321, 59 S.E. 2d 828; *Creighton v. Snipes*, 227 N.C. 90, 40 S.E. 2d 612; *Rewis v. Ins. Co.*, 226 N.C. 325, 38 S.E. 2d 97; *Clark v. Woolen Mills*, 204 N.C. 529, 168 S.E. 816. The introduction of incompetent evidence cannot be held prejudicial where the record contains sufficient competent evidence to support the findings. *Gabriel v. Newton*, 227 N.C. 314, 42 S.E. 2d 96; *Mallard v. Bohannon, Inc.*, 220 N.C. 536, 18 S.E. 2d 189; *Tindall v. Furniture Co.*, 216 N.C. 306, 4 S.E. 2d 894; *Clark v. Woolen Mills, supra.*

The findings of fact when supported by competent evidence are binding both on the Superior Court and upon this Court. *Gant v. Crouch*, 243 N.C. 604, 91 S.E. 2d 705; *Morgan v. Cloth Mills*, 207 N.C. 317, 177 S.E. 165; *Southern v. Cotton Mills*, 200 N.C. 165, 156 S.E. 861.

The judgment of the Superior Court of Durham County is
Affirmed.

DEVIN, J., took no part in the consideration or decision of this case.