139 S.E.2d 197 (1964)
263 N.C. 224
Monroe S. CAMPBELL, t/a Monroe's Drive-In,
v.
NORTH CAROLINA STATE BOARD OF ALCOHOLIC CONTROL, Victor Aldridge, Dr. Cleon W. Goodwin, and C. J. Mabry, Jr., Members.
No. 452.
Supreme Court of North Carolina.
December 16, 1964.
*198 Hoyle, Boone, Dees & Johnson, by J. Sam Johnson, Jr., Greensboro, for petitioner appellant.
T. W. Bruton, Atty. Gen., George A. Goodwyn, Staff Attorney, Raleigh, for the State.
HIGGINS, Justice.
The petitioner's counsel entered numerous objections to the admission of testimony before the hearing officer. Some of these objections would have merit in a court proceeding. For example: after the girl testified in detail about the purchase of the beer, her companion was permitted to corroborate her by saying she had heard that testimony and it was in accordance with her recollection. However, the rules of evidence before administrative boards permit more latitude than is customary in court proceedings. This Court has held that if there is any competent evidence to support a finding of fact by the administrative agency, such finding is conclusive on appeal, although the *199 evidence would have supported a finding to the contrary. Even the introduction of incompetent evidence cannot be held prejudicial where the record contains sufficient competent evidence to support the findings. Blalock v. Durham, 244 N.C. 208, 92 S.E.2d 758; Gant v. Crouch, 243 N.C. 604, 91 S.E.2d 705.
In addition to the objections to the incompetency of evidence, the petitioner stressfully contends that Mr. Campbell had no actual knowledge as to what went on and that such knowledge is made necessary by the 1959 amendment to G.S. § 18-78.1 before he may be held responsible. He further contends that the amendment relaxed the statutory restrictions which this Court approved in Boyd v. Allen, 246 N.C. 150, 97 S.E.2d 864. Comparison of the statute before and after the amendment does not require or permit the construction contended for by the petitioner. Before the amendment the section provided: "No holder of a license * * * or any servant, agent, or employee of the licensee, shall do any of the following upon the licensed premises: * * * (5) Sell, offer for sale, possess, or permit the consumption on the licensed premises of any kind of alcoholic liquors the sale or possession of which is not authorized under his license."
After the amendment (Ch. 745, Session Laws of 1959), Subsection (5) reads: "Sell, offer for sale, possess, or knowingly permit the consumption on the licensed premises of any kind of alcoholic liquors the sale or possession of which is not authorized by law." Consequently, it appears by the punctuation that the word "knowingly" does not modify sell, offer for sale, or possess but does modify "permit the consumption on the licensed premises." The purpose obviously is to prevent the sale, offer to sell, possession, or knowingly permit the consumption on the premises of a forbidden beverage. The proprietor is responsible if he knowingly permits another to drink on his premises even if he carried his own beverage.
Judge Walker was correct in holding the findings of fact were supported by competent evidence which in turn sustained the order of revocation. The judgment is
Affirmed.