LARRY P. INSCOE v. DeROSE INDUSTRIES, INC. AND CONTINENTAL CASUALTY CO.

No. 95

(Filed 7 March 1977)

1. **Master and Servant § 57— workmen's compensation — injury not occasioned by intoxication**

Evidence was sufficient to support the finding by the Industrial Commission that plaintiff's injury was not occasioned by the intoxication of the plaintiff where the evidence tended to show that plaintiff was driving about 55 mph in the southbound lane of a two-lane road

Inscoe v. Industries, Inc.

when he saw a car approaching him in his lane of travel; plaintiff had only a few seconds to make a movement to avoid a collision; plaintiff moved into the northbound lane, but the approaching car returned to its proper lane of travel and collided with plaintiff's vehicle; and plaintiff and the driver of the other vehicle in the collision were given breathalyzer tests after the accident, and both registered a blood alcohol level of greater than .10%.

2. **Master and Servant § 63— workmen's compensation — injury on the highway — accident arising out of and in the course of employment**

Evidence was sufficient to support the conclusion of the Industrial Commission that the accident in question arose out of and in the course of plaintiff's employment where such evidence tended to show that plaintiff was employed as a serviceman by defendant and that he kept his own hours; plaintiff frequently worked on Saturdays; the accident occurred on a Saturday; and at the time of the accident, plaintiff was on his way to complete a job which he had begun earlier for his employer.

Justice LAKE dissents.

ON petition for discretionary review of the decision of the Court of Appeals reported in 30 N.C. App. 1, 226 S.E. 2d 201 (1976) (opinion by *Morris, J., Vaughn, J.,* and *Clark, J.,* concurring), which affirmed the order of the North Carolina Industrial Commission entered 21 July 1975, awarding compensation to the plaintiff. This case was docketed and argued as No. 152, Fall Term, 1976.

The evidence for the plaintiff before the Industrial Commission tended to show that on 29 September 1973, plaintiff was employed as a serviceman to repair mobile homes manufactured and sold by the defendant (employer), who furnished plaintiff tools and a company van to go to and from jobs away from the plant. The vehicle was kept at plaintiff's home and was to be used only in connection with his work. Plaintiff kept his own account of the time he spent working and was paid on the basis of his records. Plaintiff was authorized to and did frequently work on Saturdays when the need arose. He had previously been convicted of operating a motor vehicle under the influence of intoxicating beverages and on 29 September 1973 had a limited driving permit whereby he was allowed to drive while at work during daylight hours, Monday through Saturday only.

Sometime before 29 September 1973, plaintiff had installed some carpet in a mobile home for a customer of the defendant at Lawson's Mobile Home Park on Highway 321 between Gas-

Inscoe v. Industries, Inc.

tonia, North Carolina and Clover, South Carolina. Before he completed the job he ran out of molding. On 29 September 1973, he found some molding while cleaning his truck and decided to finish the job.

Because he needed someone to assist him, he went to Bessemer City and picked up Silvo Falls, another of defendant's employees. There was contradicting evidence as to whether plaintiff drank two beers in Bessemer City or whether he had consumed some beer at home earlier in the day. Plaintiff and Falls left in the van from the plaintiff's home traveling south on Highway No. 161 in the direction of Lawson's Mobile Home Park. Plaintiff's wife followed in a station wagon because there were only two seats in the van. She went along to look at a mobile home that she was interested in buying in the same trailer park.

Plaintiff was driving about 55 miles per hour. As he was coming out of a curve, about two miles south of Kings Mountain on Highway No. 161, the plaintiff saw a car headed north in his lane of travel (southbound lane). The highway at this point was straight and level for a distance of one-fourth to one-half a mile. It was still daylight around 7 p.m. and the weather was clear. The approaching vehicle, a Toyota with six occupants, was traveling at an estimated speed of 70 to 80 miles per hour. As the Toyota approached, plaintiff applied his brakes and tried to go around the other vehicle by pulling into the northbound (his left hand) lane. Shortly thereafter, the oncoming vehicle returned to its proper lane of travel and collided with plaintiff's vehicle.

As a result of the accident, plaintiff's back was broken and he was left permanently paralyzed from his waist down.

The defendant's evidence tended to show that the plaintiff was given a breathalyzer test at the hospital almost two hours after the collision and registered a .15% blood alcohol level by weight. No other sobriety tests were administered to him. Expert testimony indicated that a breathalyzer reading of .10% or greater would mean the person was under the influence of alcohol at the time of the test. The officers who performed the test testified that plaintiff smelled strongly of alcohol, mumbled when he talked, and had a flushed face and red eyes. Plaintiff was arrested at the hospital for driving under the influence of intoxicating beverages.

Inscoe v. Industries, Inc.

David Orville Houck, the driver of the Toyota, testified that the plaintiff had originally been in the northbound lane of travel as he came out of the curve. Houck shifted to the southbound lane just as plaintiff moved to the same lane. Houck then returned to his proper lane (northbound) at about the same time the plaintiff shifted to that lane and thereafter, the collision ensued.

Houck and a group of companions had been riding around in the Toyota drinking intoxicating beverages all Saturday afternoon before the accident. Houck registered a .14% blood alcohol level on the breathalyzer test and was also charged with driving under the influence of intoxicating beverages.

According to the investigating highway patrolman, the collision occurred in the northbound lane. The road at the point of the accident had a four feet rough asphalt shoulder and beyond it a twelve to thirteen feet dirt and grass shoulder on either side. While at the hospital, both Mr. and Mrs. Inscoe told the officer that, at the time of the accident, Mr. Inscoe "was taking the truck somewhere south and that she was going to pick him up."

Mr. Inscoe signed an insurance form dated 19 November 1973 on which boxes were checked by a typewriter indicating that the accident did not occur while the claimant was at work and that no claim was being made for Workmen's Compensation. It appeared that defendant's agents had selected the claim form and filled it out before submitting it to the plaintiff for his signature.

The Deputy Commissioner of the North Carolina Industrial Commission determined that the plaintiff " . . . was intoxicated at the time of his injury on 29 September 1973, and said accident and resulting injury was occasioned by his intoxication," and thereupon denied plaintiff's claim for compensation.

Plaintiff appealed to the Full Commission, which received no additional evidence. In reversing the Deputy Commissioner's decision, the Full Commission adopted as its own the stipulations and findings of fact of the Deputy Commissioner except for amending findings of fact numbered 9, 14, and 15 to read as follows:

"9. . . . plaintiff met an on-coming car headed north on Highway 161. The highway at this point is straight and

level for a distance of one-fourth to one-half mile. It was daylight, and the weather was clear. The approaching car was traveling at a high rate of speed and was in plaintiff's lane of travel. When the on-coming vehicle did not return to its proper lane of travel, plaintiff applied his brakes and tried to go around the other vehicle by pulling into the northbound lane. The other vehicle then returned to its proper lane of travel and collided with plaintiff's vehicle which was still in the northbound lane.

"14. Plaintiff's blood alcohol level was .15% approximately two hours after the accident which gave rise to his injuries. Plaintiff was intoxicated at the time of the accident. . . . However, said accident and injury were not occasioned by his intoxication.

"15. Plaintiff sustained the injuries complained of by accident arising out of and in the course of his employment."

Other pertinent facts will be set out in the opinion.

*Carl W. Howard for plaintiff appellee.*

*Jones, Hewson & Woolard by Harry C. Hewson and R. G. Spratt III for defendant appellant.*

COPELAND, Justice.

At the time of the collision, G.S. 97-12 provided in relevant part as follows:

"No compensation shall be payable if the injury or death was *occasioned by* the intoxication of the employee. . . . The burden of proof shall be upon him who claims an exception or forfeiture under this section." (Emphasis supplied.)

This statute was amended by the 1975 General Assembly to read as follows:

"No compensation shall be payable if the injury or death to the employee was *proximately caused by* . . . [h]is intoxication. . . . The burden of proof shall be on him who claims an exemption or forfeiture under this section." (Emphasis supplied.)

Defendant contended before the North Carolina Industrial Commission and the Court of Appeals that it was error under former G.S. 97-12 to allow benefits to the claimant under the facts of this case. The Court of Appeals affirmed the award of the Industrial Commission on the basis of the facts in the record and went on to hold that G.S. 97-12 requires denial of compensation only when the claimant's intoxication was *the sole* proximate cause of the accident and resulting injuries, rather than *a* proximate cause.

We believe the Court of Appeals prematurely decided an issue not properly presented. There is no reason to reach the question of whether the "occasioned by" language of G.S. 97-12 contemplates that intoxication must be *a* or *the sole* proximate cause of the accident before benefits are forfeited. We think the Industrial Commission could reasonably have concluded that plaintiff's intoxication was not a cause of the accident.

The following general principles have been laid down by this Court in Workmen's Compensation cases.

"Under the Workmen's Compensation Act the Industrial Commission is made the fact-finding body, and the rule is, as fixed by statute and the uniform decisions of this Court, that the findings of fact made by the Commission are conclusive on appeal, both in the Superior Court and in this Court, when supported by competent evidence. G.S. 97-86 (Citations omitted.) This is so, even though the record may support a contrary finding of fact. (Citations omitted.)" *Rice v. Chair Co.,* 238 N.C. 121, 124, 76 S.E. 2d 311, 313 (1953).

"The Workmen's Compensation Act, G.S. 97-86, vests the Industrial Commission with full authority to find essential facts. The Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony. The courts may set aside findings of fact only upon the ground they lack evidentiary support. (Citations omitted.) The court does not have the right to weigh the evidence and decide the issue on the basis of its weight. The court's duty goes no further than to determine whether the record contains any evidence tending to support the finding. (Citation omitted.)" *Anderson v. Construction Co.,* 265 N.C. 431, 433-34, 144 S.E. 2d 272, 274 (1965).

"In passing upon an appeal from an award of the Industrial Commission, the reviewing court is limited in its inquiry to two questions of law, namely: (1) Whether or not there was any competent evidence before the Commission to support its findings of fact; and (2) whether or not the findings of fact of the Commission justify its legal conclusions and decision. (Citations omitted.)" *Henry v. Leather Co.*, 231 N.C. 477, 479, 57 S.E. 2d 760, 762 (1950).

The appellate courts of this State have dealt with the intoxication defense in several cases. In *Lassiter v. Town of Chapel Hill*, 15 N.C. App. 98, 101, 189 S.E. 2d 769, 771 (1972), the Court of Appeals correctly noted that:

"G.S. 97-12 does not require the Commissioner to find whether the employee was intoxicated or not as a matter of law. This statute does not provide for forfeiture of benefits if an employee was intoxicated at the time of the injury, but only if the injury or death 'was occasioned by the intoxication.' The Commissioner made the required finding for compensation . . . which . . . was supported by ample competent evidence."

The Court of Appeals further explained that:

"Although there was contradictory evidence, the Commissioner found that the injuries and death [of the claimant were] 'not occasioned by intoxication.' . . . 'By making an award in this case the Commission has found that the defendants failed to carry the burden of proof that the plaintiff's injury was caused by his intoxication, and we are bound by such finding.'" *Lassiter v. Town of Chapel Hill, supra* at 101, 189 S.E. 2d at 771, citing, *Yates v. Hajoca Corp.*, 1 N.C. App. 553, 556, 162 S.E. 2d 119, 121 (1968).

In the *Yates* case, *supra,* also decided by the Court of Appeals, the claimant's car left the highway in a curve and struck a tree on a dark and foggy night. In spite of the evidence that immediately after the wreck a whiskey bottle and two beer cans were found in the plaintiff's car, the Industrial Commission found the plaintiff's accident was not "occasioned by intoxication." In that case the Court of Appeals decided it was bound by this finding.

In a case of this Court similar to the one at bar, *Gant v. Crouch,* 243 N.C. 604, 91 S.E. 2d 705 (1956), the evidence for the plaintiff tended to show that the plaintiff's truck was forced off a very narrow mountain road by other traffic and that the shoulder of the road gave way, causing the vehicle to turn over and roll down the mountainside killing plaintiff's intestate. In that case there was a conflict in the evidence as to whether the accident causing the death of the employee was due to his intoxication or to traffic forcing his vehicle from the road. The Industrial Commission (in a 2-1 decision) found the accident was not occasioned by the employee's intoxication. Justice Higgins, speaking for our Court, said:

> " 'There was competent evidence to support the contention of both plaintiff and defendant upon this question, but the Commission having found as a fact that the accident in which the plaintiff was injured was not occasioned by his intoxication, the Judge of the Superior Court was bound by such finding, and we are likewise bound.' " *Gant v. Crouch, supra* at 607-8, 91 S.E. 2d at 707, citing, *Brooks v. Carolina Rim & Wheel Co.,* 213 N.C. 518, 519, 196 S.E. 835, 836 (1938).

In *Brooks v. Carolina Rim & Wheel Co., supra,* the facts were somewhat similar to those in the instant case. The plaintiff was injured in a two-car collision on the highway. While he admitted having taken a "jigger" of whiskey about four or five hours before the accident, the plaintiff denied the accident was occasioned by his intoxication. Our Court determined in that case it was bound by the Commission's finding that the accident was not occasioned by intoxication, even though there was competent evidence to support the defendant's contentions.

When the aggrieved party appeals to an appellate court from a decision of the Full Commission on the theory that the underlying findings of fact of the Full Commission are not supported by competent evidence, the appellate courts do not retry the facts. *Moses v. Bartholomew,* 238 N.C. 714, 78 S.E. 2d 923 (1953). It is the duty of the appellate court to determine whether, in any reasonable view of the evidence before the Commission, it is sufficient to support the critical findings necessary for a compensation award. *Keller v. Electric Wiring Co.,* 259 N.C. 222, 130 S.E. 2d 342 (1963).

[1]   Analyzing the evidence before the Industrial Commission on the issue of causation, we believe the facts presented would have justified a finding for either the plaintiff or the defendant. The Commission has found the facts and determined that the accident was not *occasioned by* the intoxication of the plaintiff. The plaintiff had no more than fifteen to twenty seconds in which to decide whether to continue straight ahead, turn to the right or to the left. Had he turned to the right he could have safely stopped the van on the shoulder of the road. He elected to turn to the left and thus, in retrospect, exercised bad judgment. It is axiomatic that hindsight is far superior to foresight. With the burden of proof resting on the defendant, the Industrial Commission was justified in concluding that even though plaintiff was intoxicated, his intoxication was not responsible for his bad judgment. Considering the speeds of the two cars and the short distance involved, the accident might have happened in any event. The evidence reasonably supports the view that plaintiff's state of intoxication was neither *the sole* or *a* proximate cause of the accident. Defendant's assignment of error is overruled.

[2]   Next, defendant contends the Industrial Commission and the Court of Appeals erred in concluding that the accident arose out of and in the course of plaintiff's employment.

Once again, conflicting evidence in the record would have permitted the Industrial Commission to find for either party. Plaintiff's evidence tended to show that he was employed as a serviceman by the defendant and that he kept his own hours. It further showed that for the past few months plaintiff had worked every Saturday except one. On this occasion plaintiff testified that he was on his way to Lawson's Mobile Home Park to complete some carpet work on a mobile home that he had commenced earlier.

The Industrial Commission has found the facts to support its conclusions of law that the plaintiff suffered injury by accident arising out of and in the course of his employment and these findings are amply supported by facts in the record. When the findings of the Industrial Commission are supported by competent evidence, they are conclusive on appeal. *Stubblefield v. Watson Electrical Construction Co.*, 277 N.C. 444, 177 S.E. 2d 882 (1970).

For the reasons stated in this opinion the result reached by the Court of Appeals is

Affirmed.

Justice LAKE dissents.