GEORGE W. HARTLEY v. NORTH CAROLINA PRISON DEPARTMENT.

(Filed 12 December 1962.)

**1. Master and Servant § 53—**

The Workmen's Compensation Act provides for recovery for injuries by accident arising out of and in the course of employment, irrespective of any negligence on the part of the employee, and while the intentional violation of an approved safety rule of which the employee had prior notice warrants reduction of the amount of the award, the only com-plete defense is that the accident resulted from the intoxication of the employee or an injury intentionally self-inflicted. G.S. 97-12. ·

**2. Same—**

The evidence tended to show that claimant, in the performance of his duty to go to a guard tower outside a high wire fence, elected to climb over the fence rather than go around by the gate, which would require approximately 200 yards of travel, and was injured when he jumped from the top of the fence to avoid falling therefrom. *Held:* The evidence sustains the award of compensation, and the contention that claimant climbed the fence for his own convenience rather than as a part of his duties is untenable, since the mere fact that an employee selected the more hazardous route in the performance of his duties does not defeat recovery.

APPEAL by North Carolina Prison Department from *Mallard, J.*, April-May, 1962 Civil Term, WAKE Superior Court.

The plaintiff, George W. Hartley, filed a claim under the Workmen's Compensation Act alleging he sustained an injury by accident arising out of and in the course of his employment by the North Carolina Prison Department as a guard at its Camp Polk Prison. Chairman Bean of the North Carolina Industrial Commission, as hearing com-missioner, made findings of fact, among which the following are pertinent to the question involved:

"5.  That the plaintiff was employed as a prison guard and that his duties on November 17, 1960, and for approximately two weeks prior thereto, was to check around the fence and relieve the guards in the towers.

"6.  That the plaintiff's place of employment was in the industrial area at Camp Polk Prison in Northwest Raleigh.

"7.  That the industrial area of the prison was surrounded by a fence approximately 5,000 feet in length; that this fence was a non-climbable fence with five strands of barbwire stretched on the top; that the barbwire was on a triangle-shaped frame; that the mesh in the fence was approximately two inches square; that the mesh part of the fence was approximately seven feet high; that the guard towers are located just outside the fence in strategic points around the fence so that the guards would have view of the entire area of the prison surrounded by the fence.

"8.  That on November 17, 1960, about 2:30 P.M., because of no toilet facilities in the tower the plaintiff was called to relieve a guard in one of the towers; that to relieve the guard it would be necessary for the plaintiff to walk about 300 feet to a gate, but instead of going to the gate the plaintiff started to climb over the fence; that he climbed up on top of the fence and lost his balance and jumped off to keep from falling, injuring his feet.

"11.  That the plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant, as set out in finding of fact no. 8; that as a result of said accident on November 17, 1960, plaintiff was temporarily totally disabled from November 18, 1960, to August 23, 1961, and has a 40 per cent permanent partial disability to each foot as a result of said injury."

The record recites as one of the conclusions of law: "There is conflicting testimony in this case. The plaintiff testified that it had been customary for the employees to climb the fence in the same way and manner that he was climbing the prison fence at the time he was injured, while on the other hand the superintendent of the prison testified that it was against the rules for the employees to climb the fence and that to his knowledge the employees had not climbed the fence."

Chairman Bean entered an award allowing compensation. Upon application for review, the full commission adopted the Chairman's findings and affirmed the award. The superior court, on appeal, also affirmed. The North Carolina Prison Department appealed.

*Thomas Wade Bruton, Attorney General, Richard T. Saunders, Staff Attorney, Ted C. Brown, Staff Attorney for the State.*
*Brooks & Brooks by Eugene C. Brooks, III, for plaintiff appellee.*

HIGGINS, J. The appellant argues the award should be disallowed for that the employee's injury did not arise out of and in the course of his employment. It contends the claimant climbed the fence for his own convenience rather than as a part of his duty. Appellant further contends the conclusions of law are contrary to, and not supported by, the evidence.

According to all the evidence the employee's duties required him to work within the enclosure except when he was called to relieve a guard stationed in a tower on the outside. When guard Prevatte called for relief, Hartley, whose duty it was to answer the call, was on the inside of the fence near the tower where Prevatte was stationed as a guard. Hartley could get to the tower by walking one hundred yards along the inside of the fence to a locked gate and have the guard from a nearby tower unlock it and let him through. He could then return on the outside of the fence to Prevatte's tower, a few feet from, but on the other side of the fence from the point where Hartley received the call. Instead, he undertook to climb the fence, fell or jumped, and was injured. He testified: "Mr. Prevatte asked me to relieve him . . . I started over the fence . . . I lost my balance and it was either jump or fall. I had gone over that fence before for the same purpose to relieve the guard . . . I don't remember how many occasions . . . I know about other guards crossing the fence."

Prevatte testified, and Major Lennon, the institutional head of the camp, admitted: "After Mr. Hartley fell, the guard and the doctor got to him by climbing the fence."

The evidence abundantly supports the finding that Hartley was injured in attempting to go to the tower to relieve guard Prevatte. In fact, the evidence permits no other conclusion. Is compensation defeated because he attempted to cross the fence rather than go to the nearest gate, have a guard from the tower unlock the gate for him, then return on the outside of the fence to a point just a few feet from where he started? In a negligence case contributory negligence is a defense. But not even gross negligence is a defense to a compensation claim. Only intoxication or injury intentionally inflicted will defeat a claim. An intentional violation of an approved safety rule of which he had prior notice will not defeat, but will only reduce the amount of an award. G.S. 97-12 provides: "No compensation shall be payable if the injury or death was occasioned by the intoxication of the employee or by the willful intention of the employee to injure or kill himself or an-

other. When the injury or death is caused by the willful failure of the employer to comply with any statutory requirement or any lawful order of the Commission, compensation shall be increased ten per cent. *When the injury or death is caused by the willful failure of the employee to use a safety appliance or perform a statutory duty or by the willful breach of any rule or regulation adopted by the employer and approved by the Commission and brought to the knowledge of the employee prior to the injury,* compensation shall be reduced ten per cent. The burden of proof shall be upon him who claims an exemption or forfeiture under this section." (emphasis added)

The evidence does not suggest that Hartley was either intoxicated or that he intentionally injured himself. He was injured while going to the relief of a guard, which was a part of his assigned duty. In crossing the fence and saving approximately 200 yards of travel, he was following a course which he and others before him had followed. On the very occasion of his injury, the doctor and the guard called to his assistance also crossed the fence.

"It is generally conceded by all courts that the various compensation acts were intended to eliminate the fault of the workman as a basis for denying recovery." *Chambers v. Oil Co.,* 199 N.C. 28, 153 S.E. 594; *Michaux v. Bottling Co.,* 205 N.C. 786, 172 S.E. 406; *Rowe v. Rowe-Coward Co.,* 208 N.C. 484, 181 S.E. 254 (citing 243 U.S. 210). "We do not think compensation should be denied his dependents because he made an error of judgment and attempted to use a more hazardous means of transportation, . . . nor because in so doing he violated a rule which was not always observed by the employees." *Archie v. Lumber Co.,* 222 N.C. 477, 23 S.E. 2d 834 (citing many cases). (The dissent involved the question of outside transportation to and from work.)

"Negligence is not a defense to a compensation claim. The negligence of the employee, however, does not debar . . . compensation for an injury by accident arising out of and in the course of his employment. The only ground set out in the statute upon which compensation may be denied on account of the fault of the employee is when the injury is occasioned by his intoxication or willful intention to injure himself or another.' " *Allred v. Allred-Gardner, Inc.,* 253 N.C. 554, 117 S.E. 2d 476.

The findings and conclusions of the Industrial Commission and approved by the superior court are amply supported by the evidence. To adopt the appellant's view would require a narrow and strained construction not permitted by the terms of the Workmen's Compensation Act. "It is generally held by the courts that the various Compensation Acts of the Union should be liberally construed to the end that the

benefits thereof shall not be denied upon technical, narrow and strict interpretation." *Johnson v. Hosiery Co.,* 199 N.C. 38, 153 S.E. 591; *Guest v. Iron and Metal Co.,* 241 N.C. 448, 85 S.E. 2d 596; *Hardy v. Small,* 246 N.C. 581, 99 S.E. 2d 862; *Kellams v. Metal Products, Inc.,* 248 N.C. 199, 102 S.E. 2d 841.

The essence of the story in this case may be told in few words: Usually the idea of a short cut is attractive. Sometimes it is dangerous To follow the appellant's contention would require us to hold that contributory negligence in this case is a complete defense. Our cases construing the Act hold to the contrary. The judgment of the Superior Court of Wake County is

Affirmed.