RUTH C. YATES, NEXT FRIEND OF THOMAS HENRY YATES, JR., v. HAJOCA CORPORATION AND MARYLAND CASUALTY COMPANY.

(Filed 10 July 1968.)

1. **Master and Servant § 62— Evidence held sufficient to support finding that accident between employer's office and claimant's home occurred in course of employment.**

Evidence tending to show that claimant was employed by defendant as an outside salesman, that he maintained an office in his home, that defendant employer furnished him an automobile for use in his work,

that one day each week claimant traveled from his home and office to his employer's office in another city in connection with his employment, that on the day in question claimant made his customary trip to the employer's office in the automobile furnished him by the employer, that after attending to the usual business at the employer's office and after having supper with a fellow employee, claimant began the return trip to his home and was involved in an automobile accident, *is held* sufficient to support a finding by the Industrial Commission that claimant was injured in an accident arising out of and in the course and scope of his employment.

**2. Master and Servant § 57—**

Where a claim for compensation is resisted on the ground that the injuries were occasioned by claimant's intoxication, defendant has the burden of proving such defense. G.S. 97-12.

**3. Same—**

Where there is competent evidence to support contrary conclusions as to whether claimant's injuries were occasioned by his intoxication, by making an award the Commission has found that defendant failed to carry the burden of proof that the injuries were caused by claimant's intoxication, and such finding is binding on appeal.

APPEAL by defendants from order and award of the Industrial Commission filed 5 January 1968.

Commissioner William F. Marshall, Jr., after hearing, made findings of fact, conclusions of law, and an award to plaintiff. Defendants appealed to the full Commission. The Commissioner and the full Commission upon appeal found that Thomas Henry Yates, Jr., was an employee of the defendant Hajoca Corporation and was injured on 16 December 1965 by accident arising out of and in the course and scope of his employment, resulting in and causing permanent and total disability. From the award of the full Commission, the defendants Hajoca Corporation, Employer, and Maryland Casualty Company, Carrier, appealed to the Court of Appeals.

*Mason, Williamson & Etheridge by Kennieth S. Etheridge for claimant-appellee.*

*Henry & Henry by Everett L. Henry for defendants-appellants.*

MALLARD, C.J. The appellants contend that the Hearing Commissioner and the full Commission of the North Carolina Industrial Commission committed error in finding as a fact and concluding that Thomas Henry Yates, Jr., was injured by accident arising out of and in the course and scope of his employment.

Counsel for the parties agreed that the provisions of Rule 19 (d) (2) of the Rules of Practice in the Court of Appeals of North Carolina shall apply to this appeal. In accordance with this rule, they filed the stenographic transcript. They did not file an appendix

to their briefs setting forth in succinct language with respect to those witnesses whose testimony is deemed to be pertinent on appeal, what they say the testimony of such witness tends to establish with citation to the page of the stenographic transcript in support thereof. However, counsel for each party does set out what he contends the facts are and does at times cite pages of the record in the following different ways: "Durham, R p 4"; "R p 4"; "R p 18—Fur"; etc. It would be clearer if counsel, when referring to the *record on appeal, would use* "R p ........." (giving the correct page) and when referring to the *stenographic transcript would use* "T p ..... " (giving the correct page). To further confuse the record in this case, there are 20 pages numbered from 1 to 20 of the record on appeal, 69 pages numbered from 1 to 69 of one part of the stenographic transcript, 12 pages numbered from 1 to 12 of another part of the transcript, 24 pages numbered from 1 to 24 of another part of the transcript, plus certain exhibits attached to the stenographic transcript.

Thomas Henry Yates, Jr., was employed by the defendant Hajoca Corporation as an outside salesman on 16 December 1965. He lived in Hamlet, North Carolina, and had his office in his home. He performed his duties as a salesman, which included soliciting orders from plumbing and heating contractors in the territory south and east of Charlotte, including Southern Pines, Rockingham, Hamlet, and over to Lancaster. The defendant employer furnished him with a 1965 Falcon station wagon and credit cards to buy gas and oil for use in his work, and he kept this vehicle at his home and office in Hamlet. He came to Charlotte from his office and home in Hamlet almost every Thursday to turn into the office of the defendant employer all orders received, moneys collected, and to discuss deliveries and procedure for billing the orders he received. On Thursday, 16 December 1965, Thomas Henry Yates, Jr., as was his custom, went to Charlotte on business for his employer, driving the automobile furnished him by the defendant employer. After attending to the usual business there at the employer's Charlotte office and after eating supper with a fellow employee, he left Charlotte about 9:00 p.m. to return to his office and home in Hamlet. It was a dark foggy night, and before 11:00 p.m., the employer's automobile operated by Thomas Henry Yates, Jr., left the highway in a curve and struck a tree, resulting in the injury which has caused him to be and remain completely and totally disabled. There was also evidence that immediately after the wreck there was a whiskey bottle and two beer cans in the front seat of the automobile.

In regard to traveling home from work, our Supreme Court has

stated in *Alford v. Chevrolet Co.*, 246 N.C. 214, 97 S.E. 2d 869 (1957), at pp. 216 and 217, the following:

> "If it be conceded the course of employment included the travel home, then certainly there must be reasonable continuity between the employment and the travel. When travel is contemplated as part of the work the rule is stated in 58 Am. Jur., p. 722, Sec. 214, as follows: '. . . the employment includes not only the actual doing of the work but also a reasonable margin of time and space necessary to be used in passing to and from the place where the work is to be done, when the latter is expressly or impliedly included in the terms of the employment.' Citing *Brick Co. v. Giles*, 276 U.S. 154; *Guiliano v. Daniel O'Connell's Sons*, 105 Conn. 695. In the latter case the Court said: 'The period of employment covers the working hours . . . and such reasonable time as is required to pass to and from the employer's premises.' "

We are of the opinion and so decide that there was ample competent evidence for the Hearing Commissioner and the full Commission to find as a fact that the said Thomas Henry Yates, Jr., at the time of the accident, was acting in the course of and scope of his employment. *Brewer v. Trucking Co.*, 256 N.C. 175, 123 S.E. 2d 608.

The appellants also contend that the Commissioner and the full Commission committed error in failing to find that the injuries sustained by Thomas Henry Yates, Jr., were occasioned by his intoxication. The burden of proof as to this was on the defendants. G.S. 97-12. The appellee contends that the evidence was not sufficient to make such a finding. There was competent evidence to support the contention of both the plaintiff and defendants upon this question. By making an award in this case, the Commission has found that the defendants failed to carry the burden of proof that the plaintiff's injury was caused by his intoxication, and we are bound by such finding. *Gant v. Crouch*, 243 N.C. 604, 91 S.E. 2d 705.

The order, opinion and award of the Industrial Commission is without error of law, and the same is

Affirmed.

BROCK and PARKER, JJ., concur.