LARRY P. INSCOE v. DeROSE INDUSTRIES, INC. AND
CONTINENTAL CASUALTY CO.

No. 7526IC841

(Filed 7 July 1976)

Master and Servant § 57— workmen's compensation — injury not occa-
sioned by intoxication — intoxication not sole cause of accident

Benefits under the Workmen's Compensation Act should be fore-
closed only when the evidence shows that the claimant's intoxication
was the sole cause of the accident and not simply a factor from which
the causal acts ultimately arose. Former G.S. 97-12.

APPEAL by defendants from order of the North Carolina
Industrial Commission entered 21 July 1975. Heard in the Court
of Appeals 12 February 1976.

Plaintiff alleged that he suffered injuries in an automo-
bile accident on 29 September 1973, and that the injuries and
accident arose out of and in the course of his employment with
the defendant mobile home manufacturer.

At the hearing before the deputy commissioner, plaintiff's
evidence tended to show that he sustained serious injuries when
the company-owned van which he was operating collided head-
on with a vehicle driven by one David Orville Houck. Plaintiff
testified that the collision occurred while he was travelling to a

1

particular job site, and as he ". . . was proceeding down High-way 161, I noticed this car. He [i.e. Houck] was in my lane and it did not dawn on me exactly what he was doing. I noticed that he was coming kind of fast, so I kind of braced myself in the truck and just hoped that he would pull over into his lane. I looked to the right and I saw a ditch and woods and I looked to the left and I saw nothing else in the road. It was just his car and me and my wife, who I could see in the rear-view mir-ror. I knew at that point I was going to have a collision if he didn't get over in his lane, so I was looking for a place to try to go to avoid the accident. I looked to the right, and I knew if I went over to the right, I would have gone down a ditch and into the woods. The only thing I could see was trying to get around him in the passing lane and try to avoid hitting him. At that time, I slammed on my brakes and started around him. I had his car cleared and I started to straighten my vehicle back out, that's when he cut back into the lane he was supposed to have been in and that's all I remember. The two vehicles col-lided there."

David Orville Houck, testifying for defendants, contra-dicted plaintiff's version, stating on cross-examination that when he " . . . saw Mr. Inscoe, he was on my side of the road. I hollered out to the rest of the boys in my car, 'That guy is playing chicken', and that's all I said. I just did it to alert them. You know it might be an accident or something. In re-sponse to your question, I did not say here comes a car, let's see if he is chicken. I did not decide to play chicken or run him off the road or make him frightened and run him off the road. During that day I had had five or six beers in all. I had a sandwich to eat in Cherryville and ate some hot weiners and eggs and things like that in a beer joint. I was on my side of the road, which was the right side of the road. I had drunk five beers and can recall about the night before and knew what I was doing. I was traveling about 55 or 60 miles per hour at the time. I was about a mile or mile and a half away from Inscoe when I first saw him. I saw him come out of the curve. At that time, he was on my side of the road. I kept watching him and he stayed on my side of the road. When he didn't move, I did. I went to his side of the road when he didn't move and when I went over, he came over. When I started back, he did. I was trying to dodge him. The cars collided on the right-hand side of the road. According to the patrolman's statement it was seven feet across the center line on the right-hand side.

Immediately prior to the collision, I had been on the left-hand side, but then I cut back to the right. I don't know how long it was after I cut back to the right that the collision occurred."

The evidence further tended to show that both plaintiff and Mr. Houck were intoxicated at the time of the mishap.

The deputy commissioner found that on the day in question, the plaintiff, while intoxicated, " . . . met an on-coming car headed north on Highway 161. The highway at this point is straight and level for a distance of one-fourth to one-half mile. It was daylight and the weather was clear. The approaching car appeared to be in the plaintiff's lane of travel, so the plaintiff tried to go around the other vehicle by pulling into the other lane for northbound traffic. The other vehicle then came back into its proper lane of travel, and the two vehicles collided head-on in the other vehicle's lane of travel." More specifically, the deputy commissioner determined that the plaintiff " . . . was intoxicated at the time of his injury on September 29, 1973, and said accident and resulting injury was occasioned by his intoxication."

Based on the foregoing, the deputy commissioner denied plaintiff's claim for compensation.

Plaintiff appealed to the Full Commission, which received no additional evidence. Reversing the deputy commissioner's decision, the Full Commission stated that the

" . . . plaintiff met an on-coming car headed north on Highway 161. The highway at this point is straight and level for a distance of one-fourth to one-half mile. It was daylight, and the weather was clear. The approaching car was traveling at a high rate of speed and was in plaintiff's lane of travel. When the oncoming vehicle did not return to its proper lane of travel, plaintiff applied his brakes and tried to go around the other vehicle by pulling into the northbound lane. The other vehicle then returned to its proper lane of travel and collided with plaintiff's vehicle which was still in the northbound lane.

14. Plaintiff's blood alcohol level was .15% approximately two hours after the accident which gave rise to his injuries. Plaintiff was intoxicated at the time of the accident. . . . However, said accident and injury were not occasioned by his intoxication.

15. Plaintiff sustained the injuries complained of by accident arising out of and in the course of his employment."

Defendants appealed from the order awarding plaintiff compensation.

*Olive, Howard, Downer, Williams & Price, by Carl W. Howard, for plaintiff appellee.*

*Jones, Hewson & Woolard, by H. C. Hewson, for defendant appellants.*

MORRIS, Judge.

Defendants contend that the Full Commission, by ostensibly requiring denial of compensation only in those instances where a claimant's intoxication was *the sole* proximate cause of the accident and resulting injuries, erred in concluding that the plaintiff's accident and injury were not occasioned by his intoxication. Specifically, defendants, arguing that the Full Commission misinterpreted the applicable law, cite the intoxication forfeiture of compensation provision under former G.S. 97-12 and maintained that the " . . . clear language of the statute indicates that a plaintiff is precluded from compensation if his intoxication proximately caused the accident . . . [and that] [t]here was clearly *a* causal relationship between th[is] plaintiff's intoxication and the accident and resulting injuries." (Emphasis supplied.)

This appeal presents a question of first impression for North Carolina. The problem, stated simply, is whether former G.S. 97-12 requires denial of compensation only in those instances where the claimant's intoxication was *the sole* proximate cause for the accident and resulting injuries or whether statutory forfeiture arises, as appellants claim, when the intoxication was simply *a* proximate cause or stage from which the injuries result. In short, defendants raise the question of whether "occasioned by" means *the sole proximate cause* of the injuries sustained or *a proximate cause of the injuries* sustained. Previous North Carolina case law in this general area has never defined the term.

In *Osborne v. Ice Co.*, 249 N.C. 387, 106 S.E. 2d 573 (1959), there was evidence that the employee was intoxicated, attempted to pass a truck going in the same direction, skidded his car across the center line of the highway in the path of an

oncoming car, and the two vehicles collided. The employee was killed. The hearing commissioner found as a fact that the employee "was intoxicated at the time of his said injury resulting in his death; that his intoxication was the sole proximate cause of his attempting to pass the truck on the occasion herein complained of, of the manner in which he was driving his automobile at said time, and of the resulting collision with the automobile driven by Jimmy Wilson; and that his said injury, resulting in his death, was occasioned by said intoxication," and denied the claim. The Full Commission affirmed and adopted the findings, conclusions of the commissioner, as did the superior court on appeal. On appeal to the Supreme Court, the plaintiff raised several questions, among them whether there was sufficient competent evidence of intoxication and, if so, whether there was sufficient competent evidence to support the findings that "the intoxication of the deceased occasioned the accident in which he was killed." The Court held that there was sufficient evidence of intoxication to support that finding. As to the other question the Court, at page 390, said

> "The evidence in the case showed that Osborne left skid marks for 75 feet in a straight line forward and then skid marks sidewise across the center line of the highway to his left, with the result the truck he was attempting to pass and his skidding automobile blocked both lanes of the highway. Wilson's car, in its proper lane, struck Osborne's car on the right-hand side near the middle. The Commission found the driver of the skidding car was intoxicated. In operating the car on the highway, he was violating a safety statute. Whether the accident was proximately caused by the violation was a question for the fact finding body."

In *Gant v. Crouch*, 243 N.C. 604, 607, 91 S.E. 2d 705 (1956), the hearing commissioner denied compensation, having found that the employee's death was occasioned by his intoxication. The Full Commission, on review, found that his death was not occasioned by his intoxication and made an award allowing compensation. The superior court, on appeal, affirmed the Full Commission. On appeal to the Supreme Court, Justice Higgins, speaking for the Court said:

> "In order to defeat the claim for compensation, however, the defendants sought to prove that death of the employee was occasioned by his intoxication. The burden of proof

was on the defendants (G.S. 97-12). There was evidence before the Commission that the pickup truck Gant was driving was forced off a very narrow mountain road by other vehicular traffic; that the shoulder of the road gave way, causing the vehicle to turn over and roll approximately 90 feet down the mountainside, killing Gant instantly. There was evidence from defendants' witness that Gant and his two companions had consumed about one-half pint of whiskey during a period of about four hours. There was evidence from one of defendants' witnesses that she and Oliver Paine had been with Gant from about noon, at which time they took one drink each, until the accident about 4:30; that Gant took another drink before they got to Soco Gap (time not given), and at Soco Gap he drank one bottle of beer. The witness further testified that Gant ate his lunch about 3:30 or 4:00 o'clock; that he had nothing to drink after that time. There was evidence the witness had made contradictory statements about the amount of liquor consumed. However, in the opinion of the Commission the defendants did not carry the burden of showing the death was occasioned by the intoxication of the employee. As was said by this Court in the case of *Brooks v. Rim & Wheel Co.*, 213 N.C. 518, 196 S.E. 835:

> 'There was competent evidence to support the contention of both plaintiff and defendant upon this question, but the Commission having found as a fact that the accident in which the plaintiff was injured was not occasioned by his intoxication, the Judge of the Superior Court was bound by such finding, and we are likewise bound.' " (Citations omitted.)

In *Yates v. Hajoca Corp.*, 1 N.C. App. 553, 162 S.E. 2d 119 (1968), claimant was employed by defendant as an outside salesman and had his office in his home in Hamlet. Every Thursday he drove to Charlotte, using a car furnished by defendant and maintained by defendant, to turn in orders received, money collected, and to discuss with defendant deliveries and procedures for billing for orders taken by him. The accident in which he received disabling injuries occurred while he was returning to his home in Hamlet from Charlotte from one of his Thursday trips to defendant's office. There was evidence that there was a whiskey bottle and two beer cans in the front seat of the car immediately after the accident which occurred

on a dark and foggy night when claimant's car left the highway in a curve and struck a tree. Writing for this Court, Chief Judge Mallard said at page 556:

"The appellants also contend that the Commissioner and the full Commission committed error in failing to find that the injuries sustained by Thomas Henry Yates, Jr., were occasioned by his intoxication. The burden of proof as to this was on the defendants. G.S. 97-12. The appellee contends that the evidence was not sufficient to make such a finding. There was competent evidence to support the contention of both the plaintiff and defendants upon this question. By making an award in this case, the Commission has found that the defendants failed to carry the burden of proof that the plaintiff's injury was caused by his intoxication, and we are bound by such finding. *Gant v. Crouch*, 243 N.C. 604, 91 S.E. 2d 705."

In *Lassiter v. Town of Chapel Hill*, 15 N.C. App. 98, 189 S.E. 2d 769 (1972), there was conflicting evidence with respect to claimant's intoxication. The Commission found that " 'even though deceased had sufficient alcohol in his blood at the time of his death to be intoxicated, the death of deceased was not occasioned by intoxication.' " Lassiter, *supra,* at page 99. Defendants argued on appeal that the commissioner erred in failing to find the injuries resulting in claimant's death were occasioned by his intoxication or that he was or was not intoxicated as a matter of law at the time of the accident. We held that G.S. 97-12 does not require the commissioner to find whether the employee was intoxicated as a matter of law, because the statute does not require forfeiture of benefits if the employee is intoxicated at the time of the accident, but does require forfeiture if the injury or death "was occasioned by the intoxication." Judge Brock, now Chief Judge, writing for the Court, adopted Chief Judge Mallard's phraseology in saying, at page 101,

"[a]lthough there was contradictory evidence, the Commissioner found that the injuries and death of Lassiter 'was not occasioned by intoxication.' The principle was succinctly stated by Chief Judge Mallard in *Yates v. Hajoca Corp.,* 1 N.C. App. 553, 162 S.E. 2d 119, as follows: 'By making an award in this case, the Commission has found that the defendants failed to carry the burden of proof that the

plaintiff's injury was caused by his intoxication, and we are bound by such finding.' "

Although none of these cases defined the phrase "occasioned by" in terms of proximate cause, we think it can fairly be said that, at least inferentially, they stand for the proposition that benefits under the Workmen's Compensation Act are foreclosed, with respect to intoxication, only if the claimant's intoxication was the sole proximate cause of his injuries or death.

We are of the opinion that a critical reading of our Workmen's Compensation law and a careful review of case law interpreting similarly worded statutes from other states support our conclusion that benefits under the Act should be foreclosed only when the evidence shows that the claimant's intoxication was *the sole cause* of the accident and not simply a factor from which the causal acts ultimately arose.

Under former G.S. 97-12, our General Assembly provided that "[n]o compensation shall be payable if the injury or death *was occasioned by* the intoxication of the employee . . . . " (Emphasis supplied.) In this regard, it first should be noted that as our Supreme Court stated in *Hartley v. Prison Department*, 258 N.C. 287, 290, 128 S.E. 2d 598 (1962), " ' . . . the various compensation acts were intended to eliminate the fault of the workman as a basis for denying recovery.' " (Citation omitted.) Also see: *Archie v. Lumber Co.*, 222 N.C. 477, 23 S.E. 2d 834 (1943). With the legislative mandate removing the legal barriers of negligence and even gross negligence from the context of a compensation case, our Supreme Court accurately isolated the unique place reserved in the Act for the intoxicated employee, and stated that "[o]nly intoxication or injury intentionally inflicted will defeat a claim." Hartley, *supra*, at 289. Stated differently, Workmen's Compensation is a law designed to eliminate certain common law barriers to recovery and the " ' . . . various Compensation Acts of the Union should be liberally construed to the end that the benefits thereof shall not be denied upon technical, narrow and strict interpretation.' " Hartley, *supra*, at 290-291. (Citation omitted.)

However, notwithstanding the above, the General Assembly did not intend to reward the intoxicated employee for his own folly if the inebriation occasioned the accident. As one court has stated, " '[t]he accident must be attributable to intoxication,

as opposed to simple negligence (which is not a defense).' " *Ray v. Superior Iron Works and Supply Co., Inc.*, 284 So. 2d 140, 144 (Ct. App. La. 1973) ; writ refused 286 So. 2d 365 (1973). (Citation omitted.) In short, the law has evolved in such a way that "fault" generally is no longer a consequence in Workmen's Compensation cases, but intoxication remains in the law as one carry-over aspect of "fault" which has been retained as a matter of legislative and public policy.

More specifically, we consider the problem of intoxication not in the narrow perspective of "fault" per se, but more accurately in terms of causation. See 1A Larson, Workmen's Compensation Law, § 34.33 (1973). This interpretation is, moreover, consistent with general case law interpreting the meaning of the term "occasion." See: *Iowa Mutual Insurance Company v. Faulkner*, 157 Texas 183, 300 S.W. 2d 639 (1957) ; *Merlo v. Public Service Co.*, 381 Ill. 300, 45 N.E. 2d 665 (1942) ; *Illinois Cent. R. Co. v. Oswald*, 338 Ill. 270, 170 N.E. 247 (1930) ; *De Tienne v. S. N. Nielsen Company*, 45 Ill. App. 2d 231, 195 N.E. 2d 240 (1963) ; *Buscaglia v. Owens-Corning Fiberglas*, 68 N.J. Super. 508, 172 A. 2d 703 (1961), affirmed 36 N.J. 532, 178 A. 2d 208 (1962) ; *Gay v. S. N. Nielsen Company*, 18 Ill. App. 2d 368, 152 N.E. 2d 468 (1958) ; *Smart v. Raymond*, 142 S.W. 2d 100 (Kansas City Ct. App. Mo. 1940). Also see: 65 C.J.S., Negligence, § 103, p. 1135.

When so viewed, we believe intoxication precluding recovery must be *the sole* cause of the mishap because to do otherwise would virtually read "fault" as negligence back into the statute in its broadest and most devastating sense. That is, to deny relief to a plaintiff, as these defendants so urge, would present a situation analogous to the common law understanding of contributory negligence which, of course, has been eliminated from Workmen's Compensation. To illustrate this point, we simply note that in the usual negligence case in which contributory negligence prevails as a defense, if plaintiff's negligence was *a* proximate cause of the mishap and not necessarily the *only* proximate cause, defendant is relieved of liability. It was this very result that Workmen's Compensation was designed to eliminate. Therefore, to cut a claimant off from Workmen's Compensation under former G.S. 97-12 fairness and consistency with the Act requires more than a finding that the intoxication was *a* proximate cause. It must have been *the sole* proximate cause.

---

Consistent with this analysis are cases interpreting South Carolina and New Mexico Workmen's Compensation laws which have intoxication forfeiture statutes similar to North Carolina's former G.S. 97-12. See Code Laws of South Carolina 1962, § 72-156; New Mexico Statutes, § 59-10-8. In both of those jurisdictions, the respective State Supreme Courts have held that the claimant's intoxication must be *the* proximate cause of the mishap in order to invoke the statutory forfeiture provisions of their respective state laws. See: *Parr v. New Mexico State Highway Department,* 54 N.M. 126, 215 P. 2d 602 (1950); *Reeves v. Carolina Foundry & Machine Works,* 194 So. C. 403, 9 S.E. 2d 919 (1940). As the South Carolina Court noted in *Reeves* at page 921, " . . . in order to bar a recovery, the injury must be occasioned by the intoxication of the employee, which means that *the* proximate cause of the injury must be the intoxication of the employee." (Emphasis supplied.) We consider the reasoning in these sister state decisions correct and we adopt their interpretation of the phrase "occasioned by" used in the statute applicable here.

The facts found by the Full Commission are fully supported by the evidence, both with respect to whether the accident was occasioned by claimant's intoxication and whether the accident arose out of and in the course of his employment.

The order and award of the North Carolina Industrial Commission is

Affirmed.

Judges VAUGHN and CLARK concur.