JAMES J. RORIE, GUARDIAN AD LITEM FOR CHICO RORIE, MINOR SON, RACHEL L. RORIE, DECEASED, EMPLOYEE PLAINTIFF v. HOLLY FARMS POULTRY COMPANY, EMPLOYER; LIBERTY MUTUAL INSURANCE COMPANY, CARRIER DEFENDANTS

No. 8110IC398

(Filed 16 March 1982)

1. **Master and Servant § 57— workers' compensation—interpretation of "willful intent to injure another"**

In workers' compensation proceedings, a finding of premeditation coupled with an initial assault intending serious injury is necessary to support a conclusion that a plaintiff's recovery is barred by her willful intent to injure another. Therefore, where decedent and another employee worked together in

a poultry processing plant, a dispute arose, decedent deliberately pursued the other employee into a parking lot after announcing sometime earlier that they would settle their differences "once and for all," and where a struggle ensued and a knife was produced which was used to stab decedent to death, the Commission's failure to make a finding that decedent's action constituted an initial assault of a grave and aggravated nature precluded a conclusion that plaintiff's recovery was barred. G.S. 97-12(3).

**2. Master and Servant § 56— workers' compensation—fight between employees —proximate cause**

In a workers' compensation proceeding in which decedent died as a result of multiple stab wounds inflicted upon her after she engaged in a fight with another employee, it was not sufficient for the Industrial Commission to find that decedent's actions were such as to have merely contributed to her injury and death. Rather, the Industrial Commission should have reached a conclusion as to whether decedent's willful intent to injure another employee was the sole proximate cause of her death. Under G.S. 97-12(3) the party seeking an exemption under the statute must prove that the claimant's willful intent to injure was the sole proximate cause of the injury or death in question.

Judge ARNOLD dissenting.

APPEAL by plaintiff from the opinion and award of the North Carolina Industrial Commission filed 29 August 1980. Heard in the Court of Appeals 20 November 1981.

This appeal arises out of a stabbing death which took place in the parking lot of defendant employer's poultry processing plant. The deceased, Rachel L. Rorie, worked in the employer's labeling department, as did Beverly Thompson. There was evidence that personal animosity existed between Rachel and Beverly based to some extent on Rachel's belief that Beverly was intentionally causing boxes travelling down a conveyor belt to "jump the chute" and hit Rachel. There was testimony that on the evening of 19 April 1979, Rachel had been hit by one of the boxes and the two women exchanged angry words. At the end of the shift shortly after midnight, Rachel preceded Beverly out of the work area, stopped in front of her, and challenged that they were going "to settle this once and for all." Rachel approached Beverly again outside on the steps of the building and the two continued to exchange angry words as they walked to the parking lot. One of Rachel's friends urged her to avoid a confrontation. When Beverly reached her car she opened the door, threw her purse and wrap inside, closed the door, then turned and faced Rachel. A pushing match ensued. A knife "was produced." It "ended up" in

Beverly's hand and she stabbed Rachel at least ten times, causing her death.

Beverly testified that Rachel "came down at me with a knife. I reached for it and, you know, we was real close on each other." Other witnesses testified that Beverly was holding a knife behind her back while the two women were arguing on the steps of the building and that Beverly pushed Rachel first.

This action was brought before the Industrial Commission asking that compensation be awarded in the form of death benefits. The deputy commissioner concluded as a matter of law that although the accidental death arose out of and in the course of the employment, "no compensation shall be payable, however, because the death was proximately caused by wilful intention of decedent to injure another." In a two-to-one vote, the full Commission upheld the opinion of the deputy commissioner.

*F. D. Poisson, Jr. and Larry E. Harrington for plaintiff appellant.*

*Hedrick, Feerick, Eatman, Gardner and Kincheloe, by Philip R. Hedrick and Hatcher B. Kincheloe, for defendant appellees.*

MARTIN (Harry C.), Judge.

This is a case of first impression, necessitating a construction of N.C.G.S. 97-12(3), which reads: "No compensation shall be payable if the injury or death to the employee was proximately caused by: . . . (3) His willful intention to injure or kill himself or another." We are asked on this appeal to consider whether Rachel Rorie's actions prior to her death constituted evidence of a willful intention to injure Beverly Thompson, and if so, whether this intent proximately caused her death. We will deal with each issue separately.

## WILLFUL INTENT TO INJURE ANOTHER

[1] As this Court has not had occasion to interpret the words "willful intent to injure another," we find it instructive to examine the case law from other jurisdictions which have interpreted similar provisions. The parties would apparently adopt, without disagreement, the interpretation afforded by these cases as set forth in 1 A. Larson, The Law of Workmen's Compensation § 11.15(d) (1978).

"The words 'wilful intent to injure' obviously contemplate behavior of greater deliberateness, gravity and culpability than the sort of thing that has sometimes qualified as aggression." *Id.* at 3-184. Courts in other jurisdictions have considered two factors in reaching a decision that "the willful intent to injure another" defense will preclude recovery. The first is the premeditative character of the assault. The second is the seriousness of the claimant's initial assault; that is, whether there was a reasonable expectation of bringing about real injury. Mere verbal abuse would not give rise to the defense of intent to injure. "Profanity, scuffling, shoving, rough handling or other physical force not designed to inflict real injury do not satisfy this stern designation." *Id.* at 3-188.

The evidence in the record would support a finding that Rachel did not act impulsively. She deliberately pursued Beverly into the parking lot after announcing sometime earlier that they would settle their differences "once and for all." However, the Commission failed to make a finding that Rachel Rorie's actions constituted an initial assault of a grave and aggravated nature. "[T]here must be 'an easily perceptible danger of *substantial bodily harm or death* and a great chance that such harm will result.'" *Id.* at 3-190 (emphasis ours). The Commission was able to find only that "Rachel got right up into Beverly's face and pinned her against the car. Beverly pushed Rachel from her. A knife was produced at this point by one of the combatants. The knife ended in Beverly's hands. It was used by her to stab Rachel to death." Therefore, absent a showing that Rachel either produced a knife, struck the first blow, or in some other way clearly manifested an intent to inflict serious injury upon Beverly, the defense should not be available. We hold that a finding of premeditation coupled with an initial assault intending serious injury is necessary to support a conclusion that a claimant's recovery is barred by her willful intent to injure another. This the Commission failed to do.

PROXIMATE CAUSE

[2] The second question presented by this appeal is whether Rachel Rorie's death was proximately caused by her willful intent to injure Beverly Thompson. Plaintiff would have us adopt the reasoning in *Inscoe v. Industries, Inc.*, 30 N.C. App. 1, 226 S.E. 2d 201 (1976), *aff'd on other grounds*, 292 N.C. 210, 232 S.E. 2d 449

(1977). In *Inscoe* this Court held that under former N.C.G.S. 97-12 a claimant's intoxication would preclude recovery only if it was the sole proximate cause of the injury. Under this statute the General Assembly had provided that "[n]o compensation shall be payable if the injury or death *was occasioned by* the intoxication of the employee or by the willful intention of the employee to injure or kill himself or another." N.C. Gen. Stat. § 97-12 (1972) (emphasis ours). The present language of the statute was the result of a 1975 amendment to the Act and was therefore written without the benefit of the *Inscoe* decision. Thus we find no support for defendants' contention that the legislative decision to change the "occasioned by" language to "proximately caused by" was an effort to frustrate the holding in *Inscoe*.

We approve of both the reasoning and the conclusion in *Inscoe*, and hold that under N.C.G.S. 97-12(3) the party seeking an exemption under the statute must prove that the claimant's willful intent to injure was the sole proximate cause of the injury or death in question. This holding is in accord with the purposes of the compensation statute. As stated in *Inscoe*:

> We are of the opinion that a critical reading of our Workmen's Compensation law and a careful review of case law interpreting similarly worded statutes from other states support our conclusion that benefits under the Act should be foreclosed only when the evidence shows that the claimant's intoxication was *the sole cause* of the accident and not simply a factor from which the causal acts ultimately arose.
>
> . . . " '. . . the various compensation acts were intended to eliminate the fault of the workman as a basis for denying recovery.' " . . . Workmen's Compensation is a law designed to eliminate certain common law barriers to recovery and the " '. . . various Compensation Acts of the Union should be liberally construed to the end that the benefits thereof shall not be denied upon technical, narrow and strict interpretation.' "

30 N.C. App. at 8, 226 S.E. 2d at 205 (citations omitted). Moreover, this decision is supported by the fact that where retaliatory force is excessive or where the original aggressor has withdrawn, the defense is not available. *See Landry v. Gilger Drilling Company*, 92 So. 2d 482 (La. App. 1957).

The Industrial Commission did not find as a fact or conclude as a matter of law that Rachel Rorie's willful intent to injure Beverly Thompson was the sole proximate cause of her death. Rachel died as the result of multiple stab wounds inflicted upon her, force clearly excessive under the facts of this case. It is not sufficient that the claimant's actions are such as to merely contribute to her injury or death as to do so "would virtually read 'fault' as negligence back into the statute in its broadest and most devastating sense." *Inscoe, supra*, at 9, 226 S.E. 2d at 206.

Our opinion today interpreting N.C.G.S. 97-12(3) is consistent with the fundamental policy and purposes of the Workers' Compensation Act, among which are to remove the concept of fault as the basis of liability and to prevent the dependency of the claimant and his family. *Hartley v. Prison Department*, 258 N.C. 287, 128 S.E. 2d 598 (1962). Thus any provision in the Act precluding recovery should be strictly construed and its application carefully guarded. In the application of N.C.G.S. 97-12(3), there is a strong presumption that the injury or death was not caused by the claimant's willful intent to injure another, the burden being on the defendants to prove otherwise. This burden is not met by merely offering evidence that the claimant precipitated an argument, used "fighting words," or otherwise "goaded" a fellow worker into striking the first blow.

Upon applying the foregoing to the facts of this case, we hold that defendants have failed to prove that Rachel's death comes within the meaning of N.C.G.S. 97-12(3). The decision of the Commission is vacated and the cause remanded to the Commission for the entry of a decision consistent with this opinion.

Vacated and remanded.

Judge WELLS concurs.

Judge ARNOLD dissents.

Judge ARNOLD dissenting.

I dissent. G.S. 97-12(3) in my view does not require a finding that there be premeditation and an initial assault. It simply requires a finding to support the wording of the statute that there

be a ". . . willful intention to injure . . . another." In this case there was more than mere evidence that the claimant precipitated an argument by "fighting words" or otherwise "goading" a fellow worker. Rachel threatened Beverly several times, saying that she was "going to get Beverly," that "that was the last time" Beverly would let a box fall on her, and that "once and for all" she was going to "settle" with Beverly. Rachel then pursued Beverly to Beverly's car, and evidence supports the Commission's finding that she then "pinned" Beverly against the car.

Moreover, in rewriting G.S. 97-12 the General Assembly provided that a claimant could not recover for an injury or death "proximately caused by," among other things, a willful intent to injure. I do not agree that the *Inscoe* decision requires us to amend the statute by reading in it a requirement that the claimant's intent to injure must be the "sole proximate cause."