I respectfully dissent from the majority decision to affirm the deputy commissioners conclusion that plaintiffs injuries arose out of and in the course of his employment with defendant.
Injuries which are compensable under the Workers Compensation Act are limited to those which occur "by accident arising out of and in the course of the employment. N.C. Gen. Stat. 97-2 (6). The term "arising out of refers to the origin or cause of the accident, and the term "in the course of refers to the time, place, and circumstances of the accident. Gallimore v. Marilyns Shoes, 292 N.C. 399, 233 S.E.2d 529 (1977). "An injury arises out of the employment when it is a natural and probable consequence or incident of the employment and a natural result of one of its risks, so that there is some causal relation between the injury and the performance of some service of the employment. An accident arises out of and in the course of the employment when it occurs while the employee is engaged in some activity or duty which he is authorized to undertake and which is calculated to further, directly or indirectly, the employers business. Perry v. Bakeries Co., 262 N.C. 272, 136 S.E.2d 643 (1964). Neither applies in the instant case.
The majority found as fact that plaintiff left work at the end of his shift and left through the rear entrance of the plant. Finding that the gate to the surrounding six-foot fence was locked, plaintiff attempted to scale the fence. When he reached the twelve to eighteen inches of additional barbed wire that topped the fence, plaintiff slipped, fell to the ground, and was injured.
When plaintiff was confronted by the locked gate, it was clearly implied that the employer intended that the gate not be used at that time. That the fence, including the gate, was topped by a foot or more of barbed wire just as clearly indicates the employers intent that the fence not be climbed. However, even if plaintiff acted contrary to an obvious rule or instruction from the employer, plaintiff may remain eligible for compensation under the Act if it can be shown that his actions were in furtherance of his employers business. See Hoyle v. Isenhour Brick Tile Co., 306 N.C. 248, 293 S.E.2d 196
(1982); Hartley v. Prison Dept., 258 N.C. 287,128 S.E.2d 598 (1962). There is no such evidence here.
The substantially greater weight of the evidence shows that plaintiff left work approximately fifteen minutes prior to the end of his shift. This fact is corroborated by two of plaintiffs coworkers and his supervisor. The majority opinion rejects this evidence and relies on statements from plaintiff and his mother. The circumstances, however, belie plaintiffs evidence. It is uncontested that the gate was regularly unlocked at 7:00 p.m. at the end of the shift. The fact that plaintiff found the gate locked is strong evidence that plaintiff left work before 7:00 p.m. It is also uncontested that a number of plaintiffs coworkers normally left by the same route at the end of the shift. That plaintiff was alone when he attempted to climb the fence is further compelling evidence that plaintiff left before the rest of his co-employees.
As plaintiff left work prior to the end of his shift, he was not acting in furtherance of his employers business, and his injuries are not compensable. However, even if the evidence supported a finding that plaintiff did not leave work early, the law does not support a conclusion that his attempt to scale the fence was an act in arising out of and in the course of his employment.
The majority relies on case law awarding compensation for injuries sustained while the employee was traveling to or from the employment and was on the employers premises when the injury occurred. Such injuries are generally deemed to have arisen out of and in the course of employment within the meaning of the Act. See Barham v. Food World, Inc., 45 N.C. App. 409, 263 S.E.2d 285
(1980). These cases generally involve an injury caused by slipping on ice or other form of precipitation or by an automobile mishap, with the incidents occurring during an otherwise normal use of the employers premises. In the instant case, plaintiff did not use an accepted form of traversing the employers premises. Instead, plaintiff chose an avenue which was not only unsafe, but was prohibited by the employer. This deviance from the normal use of defendants premises negates any support which plaintiff might otherwise have in existing case law.
Plaintiffs decision to leave work before the end of his shift placed him out the scope of his employment. His decision to scale a locked fence topped with barbed wire placed him outside of the protection of defendants premises. There is nothing in plaintiffs actions which can be construed as furthering the business of the employer. For these reasons, I vote to reverse the Opinion and Award of the deputy commissioner and deny benefits in this case.
 S/______________ RENE C. RIGGSBEE COMMISSIONER