***********
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Houser. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission modifies and affirms the Opinion and Award of Deputy Commissioner Houser.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. At the time of the incident giving rise to this claim, plaintiff was self-employed as a subcontractor in the business of drywall installation and home remodeling. Defendant-employer withheld ten percent (10%) from each job that plaintiff subcontracted with defendant-employer which was used to purchase workers' compensation insurance for plaintiff and his co-workers. Plaintiff was a statutory employee at all relevant times herein.
2. The parties are subject to and bound by the North Carolina Workers' Compensation Act and the Industrial Commission has jurisdiction over the parties and this claim.
3. Builders Mutual Insurance Company provided defendant-employer with workers' compensation coverage at all relevant times herein.
4. Plaintiff's average weekly wage was $354.31 per week, yielding a compensation rate of $236.22 at all relevant times herein.
5. On May 4, 2001, plaintiff sustained an injury to his right shoulder subsequent to a motor vehicle accident in Hendersonville, Henderson County, NC. On September 9, 2002, Dr. Angelo Camarata assigned plaintiff a ten-percent (10%) permanent partial disability rating to his right upper extremity.
6. Should this claim be found compensable, plaintiff would be entitled to total disability compensation for the period of September 11, 2001 through September 24, 2001, and twenty-four (24) weeks of permanent partial disability benefits pursuant to the assigned rating, in addition to medical and other related benefits. Plaintiff also contends that he would also be entitled to temporary partial disability compensation in an undetermined amount.
7. The parties have stipulated into evidence the following documents:
a. Industrial Commission Forms 18, 33, 33R, 61;
b. Defendants' Workers' Compensation Policy/Contract;
c. A Printout of Payments Made to Plaintiff;
d. Plaintiff's Recorded Statement;
e. Plaintiff's List of Amounts Paid;
f. Plaintiff's Receipts of Payments;
g. Plaintiff's Motor Vehicle Accident Report;
h. Plaintiff's Answers to Interrogatories;
i. Defendants' Answers to Interrogatories;
j. Medical records from Sisters of Mercy Rehabilitation Services;
k. Medical records from Memorial Mission Hospital;
l. Medical records from Dr. Angelo Cammarata, and;
m. Medical records from Dr. Cecil Durham, Jr.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was forty (40) years old, with his date of birth being April 9, 1962. Plaintiff has worked in the drywall installation and remodeling business for twenty (20) years.
2. Plaintiff had contracted with defendant-employer to perform drywall and remodeling work at various sites from January 1, 2001 through October 16, 2001. This work involved the demolishing of damaged sheet rock, reinstalling new sheet rock, and performing small sheet rock repair jobs. In the performance of these duties, plaintiff drove himself and other workers to the job sites in his personal work truck, and did not work at a fixed location. Plaintiff also used his personal truck to transport tools he needed for the job. Plaintiff's normal workday with defendant-employer started at 7:30 a.m., the same as defendant — employer's regular employees, when they would depart from defendant-employer's shop with instructions for the day. For his work for defendant-employer, plaintiff was paid by the hour for most jobs, with compensation on certain jobs being calculated by the length or amount of work. During the period in question, plaintiff's supervisor was Mr. Rodney Cox. Plaintiff testified at the hearing before the Deputy Commissioner that he obtained sheet rock repair and installation jobs in western North Carolina through Mr. Cox.
3. Regarding travel expenses, plaintiff further testified that Mr. Cox agreed that he would be compensated for travel time to most job sites. However, plaintiff did not charge for travel to the "Moore" and "Brown" job sites because of the short distance to those sites from his home. Otherwise, plaintiff testified that he was paid from the time he left defendant's shop, and was paid extra travel time for job sites more than thirty (30) miles from Asheville.
4. Contrary to plaintiff's testimony, Mr. Cox testified that he and defendant-employer did not pay subcontractors for their travel time. Further, regarding payments to plaintiff listed in stipulated documents as "auto expenses," Mr. Cox claimed that two payments made to plaintiff in June 2001 were actually for tool allowances that had been mistakenly keyed in as auto expenses.
5. Based upon the totality of the credible evidence of record, the Full Commission gives greater weight to plaintiff's testimony on the issue of travel and vehicle expenses, which is supported by documentary evidence, as opposed to that of Mr. Cox.
6. On May 3, 2001, plaintiff worked for two and a half hours for defendant-employer at the "Brown" job site in Asheville. Plaintiff then worked for two hours at the "King" job site in Hendersonville. For his work at the "King" or "Hendersonville" site on May 3, 2001, plaintiff purchased three buckets of mud for which he submitted receipts to defendant-employer. On May 4, 2001, plaintiff sustained an injury to his right shoulder as the result of a motor vehicle accident in Hendersonville. Plaintiff was in route to the "King" site to perform work for defendant-employer from the "Brown" site where he had also performed work for defendant-employer at the time of collision.
7. Defendants admit that plaintiff was a statutory employee of defendant-employer, but that this classification only applies when plaintiff is on an actual job site, and does not apply when in route to a job site. However, the facts of this case support a finding that travel was reasonably contemplated as being part of plaintiff's work and service for defendant-employer, and plaintiff received compensation from defendant-employer for transportation. The importance of travel and travel reimbursement as part of plaintiff's job with defendant-employer is not diminished by the fact that plaintiff has not yet billed defendant-employer for his travel to the "King" site.
8. Based upon the credible evidence of record, the Full Commission finds that defendants provided plaintiff with compensation to cover the cost of his transportation for commuting to and from work. Thus, when plaintiff was commuting to and from work on May 4, 2001, plaintiff was within the course and scope of his statutory employment with defendants when he sustained an injury by accident.
9. As the result of his May 4, 2001 injury by accident, plaintiff was unable to earn wages in any employment and was totally disabled for the period of September 11, 2001 to September 24, 2001.
10. As the result of his May 4, 2001 injury by accident, plaintiff has been assigned a ten percent (10%) permanent partial disability rating to his right upper extremity.
11. As the result of his 4 May 2001 injury by accident, plaintiff was only able to earn reduced wages for a period of time to be determined by the parties.
12. Defendants have defended this matter based upon reasonable grounds, and their actions in this regard were not based upon stubborn, unfounded litigiousness.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff was within the course and scope of his statutory employment with defendant-employer at the time he sustained his injuries on May 4, 2001. N.C. Gen. Stat. § 97-19; See Hunt v.Tender Loving Care Home Care Agency, 153 N.C. App. 266,569 S.E.2d 675 (2002), Yates v. Hajoca Corp. 1 N.C. App. 553,162 S.E.2d 119 (1968), See also Whittington v. Schnierson Sons,255 N.C. 724, 122 S.E.2d 724, (1961).
2. On May 4, 2001, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
3. Where an employer provides compensation to cover the cost of transportation, injuries that occur while commuting to and from work are compensable. Puett v. Bahnson Co., 231 N.C. 711,58 S.E.2d 633 (1950). The facts in Puett are analogous to the present case since the competent evidence in the record establishes plaintiff was paid a travel allowance to cover his commute to and from work for the defendants. Therefore, plaintiff was within the course and scope of his statutory employment with defendant at the time he sustained his injuries on May 4, 2001.
4. As a result of his compensable injury by accident, plaintiff is entitled to have defendants pay him temporary total disability compensation at the rate of $236.22 per week for the period of September 11, 2001 through September 24, 2001. N.C. Gen. Stat. §97-29.
5. As the result of plaintiff's compensable injury by accident, plaintiff was only able to earn reduced wages. Consequently, the plaintiff is entitled to temporary partial disability compensation at a rate of two-thirds the difference between the plaintiff's pre injury average weekly wage of $236.22 and his post-injury average weekly wage continuing until such time as the plaintiff's earning meet or exceed his pre-injury wage, but not to exceed 300 weeks from the date of injury. The exact time periods and exact amount of the reduced wages shall be determined by counsel for both parties based upon defendants' company records. N.C. Gen. Stat. § 97-30.
6. As a result of plaintiff's compensable injury by accident, plaintiff is entitled to permanent partial disability compensation as a result of the ten percent (10%) rating to his right upper extremity. N.C. Gen. Stat. § 97-31. However, the plaintiff may select the more favorable remedy between this section and N.C. Gen. Stat. § 97-30. Gupton v. BuildersTransportation, 320 N.C. 38, 357 S.E.2d 674 (1987).
7. As a result of plaintiff's compensable injury by accident, plaintiff is entitled to have defendants pay for all related medical expenses incurred or to be incurred as a result of his compensable injury by accident, for so long as such evaluations, examinations and treatments may be reasonably be required to provide relief, effect a cure or lessen the period of disability. N.C. Gen. Stat. §§ 97-2(19), 97-25.
8. Defendants did not defend this case without reasonable grounds, plaintiff is not entitled to attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. Defendants shall pay to plaintiff temporary total disability compensation at the rate of $236.22 per week for the period of September 11, 2001 through September 24, 2001. Having accrued, this compensation shall be paid to plaintiff in a lump sum. This compensation is subject to the attorney's fee approved herein.
2. Subject to a reasonable attorney's fee hereafter approved, defendants shall pay to plaintiff temporary partial disability compensation at the rate of two-thirds the difference between the plaintiff's pre injury average weekly wage of $236.22 and his post-injury average weekly wage continuing until such time as the plaintiff's earnings meet or exceed his pre-injury wage, but not to exceed 300 weeks from the date of injury. The exact time periods and exact amount of the reduced wages shall be determined by counsel for both parties based upon defendants' company records. Compensation due which has accrued shall be paid to the plaintiff in a lump sum, subject to the attorney's fees hereinafter provided.
3. Plaintiff may elect to receive benefits under N.C. Gen. Stat. § 97-30 or N.C. Gen. Stat. § 97-31 and upon making such election, the defendants shall pay the selected benefits subject to a reasonable attorney's fee. Compensation due which has accrued shall be paid to the plaintiff in a lump sum, subject to the attorney's fees hereinafter provided.
4. Defendants shall pay all medical expenses incurred or to be incurred by plaintiff as a result of plaintiff's compensable injury by accident of May 4, 2001, for so long as such evaluations, treatments and examinations may reasonably be required to effect a cure, give relief and will tend to lessen plaintiff's period of disability.
5. A reasonable attorney's fee of twenty-five percent (25%) of the compensation due the plaintiff under Paragraphs 1, 2, and 3 of this Award herein shall be deducted from sums due plaintiff and paid directly to plaintiff's counsel.
6. Defendants shall pay the costs.
This the ___ day of February, 2004.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_____________ THOMAS J. BOLCH COMMISSIONER